[No. 15751. Department One. September 15, 1920.]

JOHN M. SNIDER, *Appellant,* v. JOSEPH WRIGHT, *Respondent.*[1]

APPEAL (418)—REVIEW—FINDINGS. Where, upon a direct conflict of evidence, the trial court had the advantage of observing the witnesses, weight will be given to its findings, which will not be disturbed unless the evidence preponderates against them.

COSTS (8)—PREVAILING PARTY. Where, upon breach of a lease contract, the amount of damages allowed to the defendant was in excess of those found against him, it carried the costs in his favor.

COSTS (50)—TAXATION—SERVICE AND FILING. The filing of a cost bill after announcement of the decision but before the entry of judgment instead of ten days thereafter, is not prejudicial or ground for striking the cost bill.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered August 13, 1919, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

[1]Reported in 192 Pac. 923.

*Samuel P. Weaver (S. H. Boyles,* of counsel), for appellant.

*John Salisbury,* for respondent.

MITCHELL, J.—In January, 1916, the defendant, Joseph Wright, as party of the first part, by a written contract, leased to the plaintiff, John M. Snider, party of the second part, the east half of section 13, township 20, north, range 40, E. W. M., and the northeast quarter of section 18, township 20, north, range 41, east W. M., in Whitman county, for the years 1916, 1917 and 1918, the compensation therefor being a part of the crops. It will be noticed that the two tracts are half a mile apart. About the time of the surrender of the lands, in December, 1918, the plaintiff sued to recover, among other things, for the plowing in May, 1918, of one hundred and five acres in the smaller tract, alleging that the work was done at the request of the defendant. In his answer the defendant denied the land was plowed at his request, and cross-complained to recover damages for the failure of the plaintiff to raise a crop on the one hundred and five acres during the year 1918. The case was tried to the court without a jury. Findings were made in favor of the plaintiff for the plowing, and against him for his failure to grow a crop on the one hundred and five acres in the year 1918. Plaintiff's motion for a new trial having been denied, judgment was entered upon the findings and conclusions. Plaintiff has appealed, claiming the amount allowed for the plowing is inadequate, and that any damages against him for failure to cultivate the one hundred and five acres is wholly unwarranted.

As to the damages allowed the respondent, the only provisions of the lease that have any bearing are as follows:

"All work, tools and equipment necessary to carry out the terms of this lease in first class, farmer-like manner, and in proper season therefor, including seed, shall be done and furnished at the expense of the second party. Second party is to sow to grain such parts of said lands as are fit therefor. . . . Second party agrees to plow, summer-fallow and harrow 290 acres during the summer of 1916."

About two hundred and ninety acres were summer-fallowed in 1916, thereafter sowed to wheat, and a crop harvested in the year 1917. This cultivated area consisted of one hundred and five acres in the smaller tract and one hundred and eighty-five acres in the larger one. In the fall of 1917 and early part of 1918, practically the same one hundred and eighty-five acres were plowed and sowed to wheat, producing a harvest in 1918. But the one hundred and five acres was not plowed until May, 1918, too late to sow for that year's harvest. The appellant sought to excuse himself from sowing the one hundred and five acres for a crop for the year 1918 by claiming that, in the fall of 1917, it was too dry for plowing and that the respondent told him not to do any plowing, that it was too dry. The respondent denied making any such statement, and testified that, at all times, he stood upon the terms of the written lease. It is an undisputed fact that, in the fall of 1917 and early part of 1918, the appellant did plow the land on the larger tract, and besides, that fall he plowed land he had gotten from one Twohey, which land adjoins on the east the lower half of the larger tract of the respondent and corners with the quarter section upon which is situated the one hundred and five acres. There is a lot of testimony in the case from qualified witnesses, both for and against the proposition, that good, farmer-like operations required the raising of a crop of wheat on the one hundred and five

acres in the year 1918, and that the seasons during the fall of 1917 and early in 1918 were favorable for the preparation of the ground for spring sowing, as was done in the case of the larger tract.

The trouble with appellant's course of farming was not as to the manner of cultivating, nor whether he should have plowed in the fall of 1917 or early part of the year 1918, so as to grow a crop in 1918, but that he did not grow a crop at all on the one hundred and five acres that year. Whether the one hundred and five acres were fit under proper, farmer-like treatment for the raising of a crop in 1918, according to the accepted manner of wheat growing in that section as influenced by the seasons as they actually happened, were matters of fact upon which there was a conflict of evidence. The trial court found, upon all the evidence, it was the duty of the appellant to have raised a crop on the one hundred and five acres in 1918. The trial judge has a marked advantage in determining facts. He has the opportunity of observing the manner and demeanor of the witnesses while testifying, their apparent candor or lack of it, and the force and value of what they say. We are not so fortunate as we read the pages of the testimony; hence the established rule of giving weight and respect to the findings of the trial court, which will not be disturbed unless the evidence preponderates against those findings. In this case the record has been examined, and, in our opinion, the evidence preponderates in favor of the finding made upon this subject.

As to the second assignment, it is similar in principle. By not appealing, the respondent appears content with the judgment to pay for the plowing. Out of a decided conflict in the evidence as to the reasonable value of the plowing, the trial court fixed the

amount thereof. From an examination of the record we are satisfied the finding is supported by the preponderance of the evidence. The amount of damages allowed the respondent, being in excess of those found against him, carried the costs in his favor.

Error is charged by the appellant for the refusal of the court to strike the whole cost bill, which was filed before the judgment was entered, rather than within ten days thereafter. It appears that, after the court orally announced his opinion, the respondent prepared his cost bill at the same time he did findings and conclusions, all of which were served and filed a few days before the findings and conclusions were signed upon a noticed motion therefor. We cannot see how appellant was prejudiced, for, from the date of the service and filing of the cost bill, it was at all times, including the ten days after entry of the judgment, on file in the case. The situation is similar to that in the case of *Kane v. Kane,* 35 Wash. 517, 77 Pac. 842, and must be decided against the appellant.

Judgment affirmed.

HOLCOMB, C. J., MACKINTOSH, PARKER, and MAIN, JJ., concur.