[No. 34593. Department Two. July 2, 1959.]

RICHARD J. ENNIS *et al., Appellants,* v. HAROLD E. RING *et al., Respondents and Cross-appellants.*[1]

[1]Reported in 341 P. (2d) 885.

*William C. Harrison,* for appellants.

*Raftis & Raftis,* for respondents and cross-appellants.

WEAVER, C. J.—This case is before us for the second time. The first appeal followed a nonsuit granted at the close of plaintiffs' case, *Ennis v. Ring*, 49 Wn. (2d) 284, 300 P. (2d) 773 (1956).

February 15, 1944, Walter S. Wynhoff and Ethel O. Wynhoff, his wife, executed a lease of a 4,300-acre ranch to Harold E. Ring and Edwin W. Ring. It provided for a term of ten years and one month, terminating April 1, 1954, and an annual cash rental of $1,700. The rent was to be paid on or before December 1st of each year, with the exception of rent for the last year, which was payable on or before October 1, 1954, six months after the lease terminated. The lease provided that the lessees would farm the land in a "good farming manner" and would keep all fences, buildings, and machinery in good repair. The lessors were required to supply materials needed for repair of the fences.

At various times prior to March 20, 1947, the Wynhoffs mortgaged the ranch to Albert Geib. March 20, 1947, they deeded the ranch to Albert Geib and wife; the same date the Geibs executed a contract of sale back to the Wynhoffs.

June 17, 1950, the Geibs deeded the premises to Bernard M. White and wife. Thereafter, the Whites gave an option to the Wynhoffs to purchase the property on or before December 1, 1956.

Subsequent to June 17, 1950, the tenants, Edwin and Harold Ring, were notified in writing by the Wynhoffs and the Whites that the Whites were subrogated to the leasehold interest of the Wynhoffs and that the rent should be paid to the Whites. Thereafter, rent was paid to the Whites.

October 13, 1953, the Whites sent a notice to the Rings that the last rental payment had become due on October 1, 1953, and that, if the default were not cured in thirty days, the lease would terminate and the lessors would enter into possession of the premises. The Rings did not, and have not, paid the rent. However, the lessors took no further action and the lease expired at the end of the ten-year term.

January 6, 1953, Ethel O. Wynhoff and Walter S. Wynhoff were divorced, and William C. Harrison and Richard J.

Ennis were appointed as court commissioners to sell and dispose of the ranch.

August 23, 1954, Walter S. Wynhoff and Ethel O. (Wynhoff) Copenhaver conveyed the ranch to the Whites by quitclaim deed.

The commissioners brought suit to recover for the annual rent; for breach of the lease because of alleged failure to maintain fences and buildings, to prepare and plant winter wheat properly in 1953; and for over-grazing and eroding of grass lands. A more complete analysis of the pleadings, prior to the first trial, may be found in the opinion upon the first appeal. *Ennis v. Ring, supra.*

At the conclusion of the plaintiffs' case, the trial judge entered a judgment of dismissal without prejudice on the ground that the action had been brought prematurely. This court reversed in part, with instructions to grant a new trial upon the causes of action which had been dismissed erroneously. The respondent on that appeal sought to sustain the trial court on the alternative grounds (1) that the Wynhoffs forfeited all rights under the lease when they conveyed their interest in the ranch to the Whites in 1954, or (2) that the lease was terminated by the October 13, 1953, notice of forfeiture. We rejected these theories on the bases that the quitclaim deed to the Whites did not convey any prior causes of action for rents or damages, and that the notice of forfeiture was waived by failure of the lessors to take any further action to accomplish the forfeiture.

Upon remand, the lessees amended their answer to include a counterclaim for breach of the lease, to-wit: fair rental value of a portion of the premises wrongfully leased by the plaintiffs to Joy Melcher and his wife in 1949.

Upon the retrial, the jury returned a verdict in favor of the plaintiffs for rent ($1,700 and 6 per cent interest from April 1, 1954) and for damages to fences and buildings ($500); and in favor of defendant for the fair rental value of the Melcher land ($2,000) and for fence posts supplied ($773.22).

Plaintiffs (lessors) have appealed and defendants (lessees) have cross-appealed.

Plaintiffs urge that the trial court should not have permitted amendment of the answer to include an entirely new defense after remand for retrial on *specific issues*. We have no quarrel with this contention, in proper circumstances, but it is clear that it is not applicable to the instant case. This case was not remanded for retrial of specific issues. Prior to the first appeal, the defendants had not had the opportunity to present any evidence, so no issues had yet been tried. There is nothing in the opinion of this court on the first appeal to suggest that the retrial was to be limited. The granting of amendments to the pleadings is largely within the sound discretion of the trial judge. The amendment to the answer was submitted two months before the retrial. The plaintiffs were not prejudiced by the ruling. See RCW, Vol. 0, Rule of Pleading, Practice and Procedure 6; *Hendricks v. Hendricks*, 35 Wn. (2d) 139, 211 P. (2d) 715 (1949).

Plaintiffs argue that the court should have stricken a portion of the counterclaim for the rental value of the Melcher land on the ground that the statute of limitations had run on at least a part of the action. Melcher entered upon the land in 1949; the counterclaim was not brought until 1957. Defendants contend that the statute of limitations did not commence to run until the lease expired on April 1, 1954, but they fail to cite any authority to sustain this proposition.

The statute of limitations runs against a cause of action from the time it accrues, the time the holder thereof has the right to apply to the courts for relief. *Jones v. Jacobson*, 45 Wn. (2d) 265, 273 P. (2d) 979 (1954). If the landlord's conduct has been such as to amount to a breach of the covenant of quiet enjoyment, the lessee, although remaining in possession, may treat the wrongful interference with possession of the demised premises as a breach of covenant for which an action *ex contractu* will lie. 32 Am. Jur., Landlord and Tenant, § 284.

■ However, this court is committed to the rule that "the statute of limitations never runs against a defense *arising out of the transaction* sued upon by the plaintiff." (Italics ours.) *Felthouse & Co. v. Bresnahan*, 145 Wash. 548, 549, 260 Pac. 1075 (1927); Annotation, 1 A. L. R. (2d) 666, 667, 676. See, also, *In re Smith's Estate*, 179 Wash. 417, 38 P. (2d) 244 (1934). Therefore, the damages incurred by defendants from 1949 to 1951 may be asserted defensively against the plaintiffs' claims arising out of the lease.

■ Two thousand dollars was awarded by the jury as the reasonable rental value of the Melcher land from 1949 to 1954. It has not been suggested by either side that the rental value of the land varied from year to year within that period; hence, the jury must have found the rental value to be four hundred dollars per year. The defendants, therefore, are entitled to offset as much of the eight hundred dollars damages—otherwise barred by the statute of limitations—as is sufficient to cancel affirmative relief to the plaintiffs.

■ Plaintiffs complain that the court erred when it struck parts of their reply that affirmatively answered new matter in the counterclaim. The stricken allegations were largely repetitions of the complaint, not in direct reply to the amended answer, and, as such, were correctly excluded. RCW 4.32.210.

The trial court ruled, as a matter of law, that the Wynhoffs had a legal right to institute this action because the deeds to the Whites and the Geibs, under a security arrangement, were mortgages and did not convey the Wynhoffs' interest in the property. Plaintiffs contend that it was error even to permit evidence during the trial on this matter because it was settled by the first appeal. Defendants argue that this issue was not foreclosed by the first appeal because defendants had not yet had an opportunity to present their side of the case in the trial court, and that the evidence at the second trial demonstrated that the Geibs and the Whites had acquired absolute title. Yet, the parties to the transactions considered them mortgages, and the

Whites finally purchased the property, in 1954, for a sum far in excess of the mortgage amount.

██ We agree with the trial court that there was not a scintilla of evidence supporting the theory that the deeds amounted to absolute transfer of the land. We also agree with the refusal of the trial judge to foreclose the issue before the defendants had an opportunity to present their side of the matter.

██ The trial court correctly ruled, as a matter of law, that the notice of forfeiture did not constitute an eviction or termination of the lease. The effect of the notice was determined on the first appeal and became the law of the case. We agree with the trial court that defendants did not present a scintilla of evidence of any action subsequent to the notice which would amount to an actual or constructive eviction.

██ Plaintiffs assign error to instruction No. 8 and to the refusal to give proposed instruction No. 24. We cannot consider these assignments of error because the plaintiffs have failed to set out the instructions in full in their brief. RCW, Vol. 0, Rule on Appeal 43, as amended (effective January 2, 1953).

██ Defendants assign error to the jury verdict allowing interest from April 1, 1954, on rent due when, by the terms of the lease, the rent was not due until October 1, 1954. Plaintiffs insist that the parties must have meant the last rental payment to be due on October 1, 1953, although they have abandoned a cause of action to have the lease so reformed. The contention of the defendants is well taken. The judgment must be modified by recomputing interest from October 1, 1954.

██ The plaintiffs contend that they should have been granted a new trial on the ground that one of the defendants was discussing the case with a juror during the course of the trial. There is no merit in this contention. The occurrence was denied and the plaintiffs failed to produce proof to support the charge.

██ Both parties attack the taxing of costs. The

lower court awarded costs of the first trial to the plaintiffs, and of the second trial to the defendants. The statute provides that the prevailing party is entitled to costs in the superior court. RCW 4.84.030. The prevailing party is the one who has an affirmative judgment rendered in his favor at the conclusion of the entire case. *Snider v. Wright,* 112 Wash. 536, 192 Pac. 923 (1920).

Since we hold that sufficient of the eight hundred dollars damages awarded to defendants may be used as an offset to cancel affirmative relief to the plaintiffs, neither party prevails in this action. Each party, therefore, will bear his own costs in the two trials.

▮▮▮▮▮ The plaintiffs challenge as excessive the allowance of costs to witness Peterson, who was reimbursed for daily trips of 568 miles and who attended trial for two days before he was called. RCW 2.40.010 provides that "witnesses shall receive for each day's attendance in all courts of this state, besides mileage at ten cents per mile each way, four dollars." It is often difficult to ascertain at precisely what time a given witness must be available to testify. Whether a witness has been called prematurely depends on the surrounding circumstances. See *Corbaley v. Pierce County,* 192 Wash. 688, 74 P. (2d) 993 (1937). After reviewing the facts we are unable to say that the allowance is improper.

In summary, the judgment of the trial court is affirmed, with the following modifications: (1) Interest on the rent due plaintiffs must be computed from October 1, 1954, rather than from April 1, 1954; (2) sufficient of the eight hundred dollars damages—otherwise barred by the statute of limitations—may be used as an offset to cancel affirmative relief to the plaintiffs; and (3) each party must bear his own costs in the two trials.

Neither party will recover costs on this appeal.

HILL, DONWORTH, ROSELLINI, and FOSTER, JJ., concur.

---

June 17, 1960. Petition for rehearing denied.