[No. 1925-1. Division One. June 24, 1974.]

THE AQUARIAN FOUNDATION, *Appellant,* v. KTVW, INC., *Respondent.*

*Jack E. Wetherall,* for appellant.

*Lycette, Diamond & Sylvester* and *Robert E. Ratcliffe,* for respondent.

JAMES, J.—The Aquarian Foundation brought suit for an alleged breach of contract. It had paid KTVW television station $3,300 to broadcast twelve 1-hour programs expressing the Foundation's religious views. KTVW refused to broadcast all but two of the offered programs allegedly because the refused programs were in bad taste.

In its answer, KTVW did not deny the contract but alleged that (1) the Foundation failed to perform conditions precedent to performance by KTVW and there was, therefore, a failure of consideration, (2) the contract was "illegal and contrary to the public interest and the applicable state and federal laws and the Rules and Regulations of the Federal Communications Commission."

In a trial to the court sitting without a jury, KTVW moved for dismissal for insufficiency of the evidence at the conclusion of the presentation of the Foundation's case. However, the trial judge's oral opinion and the formal findings of fact reflect that the case was submitted on its merits and that the judge reached his decision by balancing the evidence.

The trial judge found that there had been a mutual mistake concerning the content of the programs to be broadcast and that there had been "no meeting of minds . . . on the subject matter of the written contract document." Finding of fact No. 24. He concluded that because of the mutual mistake concerning the subject matter, the contract was impossible of performance. However, he expressly rejected KTVW's proposed conclusion that because there was no meeting of the minds, no contract had been formed. His ultimate conclusion was:

> The transaction should be rescinded and the plaintiff should receive ten-twelfth's [sic] of the Three Thousand Three Hundred Dollars ($3,300.00) which was paid to the defendant.

Conclusion of law No. 8.

The trial judge refused to award prejudgment interest and entered a judgment in favor of the Foundation for the sum of $2,750.

The Foundation appealed, arguing that the findings of fact were not supported by substantial evidence. The Foundation assigned error to the refusal to award prejudgment interest and consequential damages for the expenses it incurred in preparing the films which were never broadcast. KTVW chose not to file a responding brief and was therefore precluded from presenting an oral argument. CAROA 41 (3).

CAROA 41 (3) provides in part, "If the respondent files no brief, the cause will be deemed submitted upon its merits as to him," but does not designate the proper scope or extent of our review on the merits. Our research has not disclosed any Washington case which has considered the quoted portion of the rule or discussed any similar Supreme Court rule. Nor have we found there to be any uniform rule of practice adopted by courts of other jurisdictions. A wide variety of approaches is employed, ranging from reversal as a matter of course to review of the record and full consideration of issues of law to determine if the errors are well taken. 5 C.J.S. *Appeal & Error* § 1314 (1958).

■ It is generally said in cases of this type that the respondent's

> failure to file a brief is considered as equivalent to a confession of error, warranting or justifying the court in entering a judgment or decree of reversal, . . .

5 C.J.S. *Appeal & Error* § 1314, at 227 (1958). The reason for this rule is amply illustrated by this case. The record on appeal includes a statement of facts over 300 pages in length and a transcript nearly 200 pages in length. Were we to assume the role of advocates for KTVW, we would have to comb the record for facts and inferences to support the trial court's findings and research complex issues of law to ascertain the correct interpretation of the contract. This effort would require devoting our time and resources in

behalf of a private party. No principle of justice properly requires us to assume the dual roles of advocate and arbiter in the same cause.[1]

In this case, the Foundation's brief supports its challenge to the sufficiency of the evidence to support the findings with extensive citation to the record. It also cites case authority on principles of contract which it contends should govern the construction of the contract in question. This argument presents a prima facie case for error. Under these circumstances, we believe that reversal is required. *See Muscatatuck State School v. Derringer*, 244 Ind. 318, 192 N.E.2d 735 (1963); *Liberty Mut. Ins. Co. v. MacLeod*, 17 Ariz. App. 449, 498 P.2d 523 (1972); *Harvey v. Hall*, 471 P.2d 911 (Okla. 1970).

We must now consider the further question of the appropriate disposition of the case. In its brief, the Foundation asked for modification of the judgment to include prejudgment interest and consequential damages, or in the alternative, a new trial. In other jurisdictions where courts have reversed after respondent's default, a frequent disposition is remand for a new trial without prejudice. *See, e.g., Ellet v. Ellet*, 137 Ind. App. 96, 205 N.E.2d 555 (1965). While in many cases remand for a new trial without prejudice may do substantial justice to the parties, we believe that on the facts of this case, injustice would result.

When the Foundation perfected its appeal, it became entitled to a ruling on the merits of its contentions, a right which should not be thwarted by KTVW's choice to default. Had KTVW filed a brief in this case and the Foundation prevailed on the merits of its contentions, the Foundation would have been entitled to the benefit of our decision as the law of the case. However, were we to simply reverse

---

[1]In the case of a criminal indigent appeal where appointed counsel has filed a motion to withdraw, this court reviews the record to see if any potential errors occurred which merit argument. But in the event that possible error is perceived, new counsel is to be appointed to present the error to us. *Anders v. California*, 386 U.S. 738, 744, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967).

without prejudice, the Foundation would be deprived of the fruits of victory as well as losing its existing judgment. KTVW would receive benefits which, if it had contested the appeal, it would not have received. A respondent should not be permitted to profit from its default at the expense of an appellant.

 The Foundation's primary contention on appeal is that substantial evidence supports its claim that KTVW breached a binding contract. In view of the trial court's ruling on the merits and KTVW's default on appeal, our reversal requires the entry of a judgment awarding the Foundation damages for breach of contract. Damages for breach of contract may include a return of consideration paid in advance. In view of KTVW's default, the Foundation should not be denied the return of 10/12 of the prepaid contract price awarded by the trial court under a rescission theory. Judgment pursuant to remand should include at least the sum of $2,750. Since that amount is liquidated, it should carry prejudgment interest. *Prier v. Refrigeration Eng'r Co.*, 74 Wn.2d 25, 442 P.2d 621 (1968); *Hos Bros. Bulldozing, Inc. v. Hugh S. Ferguson Co.*, 8 Wn. App. 769, 508 P.2d 1377 (1973).

Because of his determination that the contract should be rescinded, the trial judge did not dispose of the Foundation's claim for damages flowing from KTVW's breach of contract. Accordingly, the case is remanded for the entry of findings as to what additional damages, if any, resulted from KTVW's breach of the contract. Thereafter, appropriate conclusions and judgment should be entered.

Reversed and remanded with instructions.

HOROWITZ and FARRIS, JJ., concur.