[No. 2664–3. Division Three. May 15, 1979.]

BILL F. STOTT, ET AL, *Appellants,* v. FAUSTINO CERVANTES, ET AL, *Respondents.*

*Raekes, Ettig & Osborne* and *Stephen T. Osborne,* for appellants.

*Faustino Cervantes,* pro se.

ROE, J.—Plaintiffs Stott contracted to purchase certain real property from defendants Cervantes. Paragraph 18 of the contract provided:

ATTORNEY'S FEES AND VENUE—In the event of any lawsuit between the parties to this contract to settle issues arising hereunder, the *prevailing party* shall recover judgment against the other party for a reasonable attorney's fee.

(Italics ours.) Believing there had been misrepresentations as to the condition of the real estate, plaintiffs sued defendants for either rescission or $10,000 damages. At trial the prayer for rescission was abandoned, but the court awarded plaintiffs damages in the amount of $3,746. Offset against that was $327, so the net recovery for the plaintiffs was $3,419. The court allowed the plaintiffs $132.75 costs but refused to allow them any attorney's fees, in effect, holding they had not recovered all that they had sought and also that the defendant had recovered at least some damages.

In this appeal plaintiffs challenge the court's refusal to award them attorney's fees, and the defendants cross-appealed. However, they did not timely comply with the Rules of Appellate Procedure, despite adequate notice and repeated opportunities to do so. Therefore, the cross appeal of the Cervantes has been dismissed, and they have been

precluded from filing a respondents' brief and arguing the matter. Thus, the case is deemed submitted upon the brief of the appellants pursuant to *Aquarian Foundation v. KTVW, Inc.,* 11 Wn. App. 476, 523 P.2d 969 (1974). Here, as in the *Aquarian Foundation* case, the brief of the Stotts supports their challenge to the court's failure to grant them attorney's fees with citation to the record and case authority on the question of the granting of attorney's fees to the prevailing party. Their argument presents a prima facie case for error, and under the circumstances, reversal is required.

 Even absent the failure of the Cervantes to follow the proper procedure, the result would be the same. In *Snider v. Wright,* 112 Wash. 536, 540, 192 P. 923 (1920), the plaintiff sued the defendant concerning some farmland seeking compensation for plowing. The defendant cross-complained to recover damages for the failure of the plaintiff to raise a crop. The issue was who would get costs. The court said that since the amount of the damages allowed the defendant was in excess of those found against him, he would receive the costs. *Snider* was cited in *Ennis v. Ring,* 56 Wn.2d 465, 473, 341 P.2d 885 (1959), where both parties attacked the taxing of costs by the trial court under a statute (RCW 4.84.030) which provides that the prevailing party is entitled to costs. The court said:

> The prevailing party is the one who has an affirmative judgment rendered in his favor at the conclusion of the entire case. [Citing *Snider v. Wright, supra.*]

The definition of who is a "prevailing party" for an award of costs should be the same in determining the "prevailing party" for an award of attorney's fees.

In *Artz v. O'Bannon,* 17 Wn. App. 421, 562 P.2d 674 (1977), involving an award of attorney's fees under provisions of an earnest money receipt, this court held that the prevailing party would be entitled to recover reasonable attorney's fees, citing RCW 4.84.030, the statute providing for an award of costs to the prevailing party.

Since the Stotts were the prevailing parties, which the trial court recognized for the purpose of recovering costs, they must also be considered the prevailing parties for the purpose of recovering attorney's fees. Hence, under the cases cited or by virtue of *Aquarian Foundation v. KTVW, Inc., supra,* the plaintiffs must prevail.

The matter is remanded to the Benton County Superior Court for a determination of reasonable attorney's fees and the entry of an appropriate judgment in favor of the Stotts.

GREEN, C.J., and MUNSON, J., concur.