[No. 3846–7–III.  Division Three.  June 9, 1981.]

RAY ROWE, ET AL, *Appellants,* v. E. LEON FLOYD, ET AL, *Respondents.*

---

Robert J. Reynolds, Wade E. Gano, and *Thorner, Almon, Kennedy & Gano,* for appellants.

Perry J. Robinson, for respondents.

MUNSON, J.—The Rowes appeal, and the Floyds cross–appeal from the failure of the trial court to award either of them attorney's fees in a suit upon a real estate contract which provides:

> In the event of any lawsuit between the parties to this contract to settle issues arising hereunder, the prevailing party shall recover judgment against the other party for a reasonable attorney's fee. At seller's option, venue shall lie in the County of Yakima.

The suit arose when the buyers failed to make a $20,000 contract payment due February 1, 1979. The litigation centered around a disaster clause which provided:

> It is further agreed that if the 1978 crop is less than 450 bins due to frost damage incurred in May, 1978, the parties will mutually agree upon an adjustment of the payment due February 1, 1979, based on the average orchard run price.

The plaintiffs sought, prior to suit, the full $20,000; the defendants, based on their computation, offered $833.

The Rowes, as vendors, brought this action to forfeit the interests of the Floyds, vendees, in Yakima County orchard land. The Floyds asserted as an affirmative defense that they were not in default, and, in a counterclaim, they asked for their reasonable attorney's fees in the event they prevailed. The trial court found that because of the impact of the 1978 frost, the defendants were entitled to a reduction of $3,525 in the amount of the February 1, 1979, installment payment. The court further concluded the complaint for forfeiture should be dismissed and the defendants should, within a period of 120 days from the date of judgment, pay $16,475 to the plaintiffs as the payment which was due on February 1, 1979. Both parties were ordered to

bear their own costs and attorney's fees. Both parties appeal.

Neither party challenges the trial court's substantive decision; thus, we are faced only with the question of whether the court erred in denying each party's request for attorney's fees. The parties agree that RCW 4.84.330[1] applies; they only disagree as to who was the prevailing party. Mr. and Mrs. Rowe contend since they were given substantial affirmative relief in the form of a judgment for $16,475, they were the prevailing parties. Although they acknowledge their claim for forfeiture was dismissed, they urge that determination of the amount of the payment is included in their forfeiture claim; thus they are entitled to recover their fees. On the other hand, the Floyds contend that since the complaint for forfeiture was dismissed, and their payment was reduced, they were the prevailing parties and are entitled to their fees.

The trial court's oral decision indicates the parties agreed that a frost in May 1978 damaged the crop and only 312 bins of apples had been picked (138 bins fewer than expected in the disaster clause). They also agreed on the price to be used for the adjustment. The only question before the court was how much of the 138–bin shortfall was attributable to frost damage.[2] The court further indicated

---

[1]RCW 4.84.330 provides:

"In any action on a contract or lease entered into after September 21, 1977, *where such contract* or lease *specifically provides that attorney's fees and costs,* which are incurred to enforce the provisions of such contract or lease, *shall be awarded to one of the parties, the prevailing party,* whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

"Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract or lease which is entered into after September 21, 1977. Any provision in any such contract or lease which provides for a waiver of attorney's fees is void.

"As used in this section 'prevailing party' means the party in whose favor final judgment is rendered." (Italics ours.)

[2]There was a dispute as to whether the disaster clause was valid or rendered the contract unenforceable. The court concluded the clause was proper and did

there was some evidence the Rowes were willing to accept $11,000 as the amount due,[3] but a dispute between the parties precluded them from settling the matter between themselves. In their answer and counterclaim, the Floyds contended they only owed $833 and had tendered that sum to the Rowes. Based on the record presented, we affirm.[4]

While the Rowes' complaint for forfeiture was dismissed, they nonetheless were favored with a judgment in an amount 20 times greater than any amount tendered in any pleadings by the Floyds and $5,000 more than the amount upon which they were willing to settle. On the other hand, the Floyds successfully resisted the forfeiture complaint, but their tendered offer of February 1, payment of $833, was woefully inadequate. The fairness and accuracy of the trial court's decision is bolstered by the fact neither party has challenged any of the findings of fact or conclusions of law, other than those relating to the award of attorney's fees.

The court reasoned both parties prevailed and stated its reasoning. *See Samuel v. University of Pittsburgh,* 538 F.2d 991 (3d Cir. 1976); *ADM Corp. v. Speedmaster Packaging Corp.,* 525 F.2d 662 (3d Cir. 1975). Under the circumstances, we agree with the decision of the trial court that the parties bear their own costs and fees. In the language of the judgment and in its practical effect, both parties were favored by the order appealed from. Thus, the

---

not make the contract illusory. No one challenges the court's decision on that matter.

[3]Apparently there was no objection to evidence of the parties' settlement attempts. Also, there was a factual question of whether the parties had been informed of each other's position.

[4]None of the cases cited by either party is factually or procedurally similar, but in each the determination as to who substantially prevailed turned on the substance of the relief accorded the parties. *See, e.g., Ennis v. Ring,* 56 Wn.2d 465, 341 P.2d 885, 353 P.2d 950 (1959); *Snider v. Wright,* 112 Wash. 536, 192 P. 923 (1920). *See also Anderson v. Gold Seal Vineyards, Inc.,* 81 Wn.2d 863, 867, 505 P.2d 790 (1973); *Stott v. Cervantes,* 23 Wn. App. 346, 595 P.2d 563 (1979); *Artz v. O'Bannon,* 17 Wn. App. 421, 562 P.2d 674 (1977).

statutory definition of "prevailing party," see footnote 1, applies equally to. the Rowes and the Floyds; neither or both prevailed. *See Dan Bunn, Inc. v. Brown,* 285 Ore. 131, 590 P.2d 209, 218 (1979).

In *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 67 L. Ed. 2d 287, 101 S. Ct. 1146 (1981), the court construed the impact of Fed R. Civ. P. 54(d) and 68, as they related to costs in a settlement offer context. Here, as in *Delta,* a plain reading of the statute is determinative. RCW 4.84.330 contemplates an award of fees to *one of the parties, the prevailing party.* Since there was no singularly prevailing party, the statute is inapplicable to either.

The judgment of the Superior Court is affirmed.

MCINTURFF, C.J., and GREEN, J., concur.