[No. 8692-5-III.   Division Three.   June 30, 1988.]

DELORES F. SARDAM, *Respondent*, v. MILDRED D.
MORFORD, *Petitioner*.

---

*Lawrence Kuznetz* and *Powell & Morris,* for petitioner.

*James Olson,* for respondent.

THOMPSON, J.—Mildred Morford obtained discretionary review of a district court's denial of attorney fees in this landlord/tenant dispute. We affirm.

Ms. Morford rented an apartment from Delores F. Sardam in 1982. Both parties signed a 1–year lease that provided for payment of attorney fees by the tenant to the landlord in any action arising out of the lease. After a year, Ms. Morford remained as a month–to–month tenant. In April 1986, she notified Ms. Sardam of her intent to terminate the tenancy on the last day of that month. Ms. Morford then filed a small claims action seeking return of her $250 rent deposit, damages of $250 resulting from a fall on the property, and miscellaneous costs and expenses, for a total of $983.96. On June 13, 1986, Ms. Sardam filed this action in Spokane County District Court claiming damage to the apartment and cleanup costs of $1,925.74, offset by Ms. Morford's $250 deposit. The two cases were consolidated.

Ms. Morford answered and counterclaimed, alleging defects in the premises that caused flooding in the apartment and injury to Ms. Morford, retaliatory action by Ms. Sardam, trespass, failure to return the security deposit, and breach of the covenant of quiet enjoyment and of the implied warranty of habitability. Ms. Morford sought damages for emotional distress, personal injury and property damage. After trial, the court ruled Ms. Sardam had substantially complied with RCW 59.18.280 (regarding return of the security deposit); Ms. Sardam had not trespassed on the property; and Ms. Morford had failed to prove personal

injury or emotional distress, and there was insufficient evidence of property damage. However, the court also ruled Ms. Sardam had failed to demonstrate damage to the apartment other than ordinary wear and tear. As a result, the court ruled Ms. Morford was entitled to return of her damage deposit, offset by $164, an amount provided in the lease for normal cleaning expenses. The court entered a judgment for Ms. Morford in the amount of $86, together with costs of $10. The court considered, but declined to award, attorney fees to Ms. Morford, holding that the award of attorney fees is discretionary.

Ms. Morford appealed the denial of attorney fees. The Superior Court concluded that, despite the language of its ruling, the District Court had ruled that neither party prevailed. We granted discretionary review.

The sole issue is whether Ms. Morford was improperly denied attorney fees. A party may recover attorney fees only if authorized by statute, contract, or recognized ground of equity. *PUD 1 v. Kottsick*, 86 Wn.2d 388, 545 P.2d 1 (1976). Here, Ms. Morford contends she is entitled to fees both by RCW 59.18.280, which provides:

> In any action brought by the tenant to recover the deposit, the prevailing party shall additionally be entitled to the cost of suit or arbitration including a reasonable attorney's fee.

and by RCW 4.84.330, which provides:

> In any action on a contract or lease . . . where such contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.
>
> . . .
>
> As used in this section "prevailing party" means the party in whose favor final judgment is rendered.

In either case, the inquiry is whether Ms. Morford is a "prevailing party". She first argues the court must accept

the factual determinations of the trial court, RALJ 9.1(b), and thus is bound by the District Court's determination that Ms. Morford was the "prevailing party". However, the "prevailing party" determination is at best a mixed question of law and fact, which is reviewed under the error of law standard. *See Renton Educ. Ass'n v. Public Employment Relations Comm'n,* 101 Wn.2d 435, 441, 680 P.2d 40 (1984).

Ms. Morford also argues Ms. Sardam has failed to appeal the trial court's determination, and thus may not raise the issue here. However, RAP 2.4(b) provides for review of issues not designated in the notice of appeal if the trial court's ruling prejudicially affects the decision designated in the notice. Here, the trial court's determination on the "prevailing party" is clearly decisive, and review of the issue is appropriate.[1]

"In Washington, the prevailing party is the one who receives judgment in that party's favor." *Blair v. WSU,* 108 Wn.2d 558, 571, 740 P.2d 1379 (1987); *see* RCW 4.84.330. *Blair* cited *Moritzky v. Heberlein,* 40 Wn. App. 181, 697 P.2d 1023 (1985), observing that "Washington law is clear on which party prevails when money damages are involved . . ." *Blair,* at 571–72.

However, there is considerable authority that, where both parties prevail on major issues, neither is entitled to attorney fees. *McGary v. Westlake Investors,* 99 Wn.2d 280, 661 P.2d 971 (1983); *Tallman v. Durussel,* 44 Wn. App. 181, 721 P.2d 985, *review denied,* 106 Wn.2d 1013 (1986); *Rowe v. Floyd,* 29 Wn. App. 532, 629 P.2d 925 (1981). Here, each party successfully defended against a

---

[1]Ms. Sardam argues the Superior Court was correct in concluding the trial court actually ruled there was no "prevailing party". The Superior Court's conclusion is incorrect for two reasons: First, a review of the record shows the trial court found Ms. Morford to be the "prevailing party". Second, the trial court awarded costs to Ms. Morford, presumably pursuant to RCW 4.84.030, which provides for costs to the "prevailing party". "The definition of who is a 'prevailing party' for an award of costs should be the same in determining the 'prevailing party' for an award of attorney's fees." *Stott v. Cervantes,* 23 Wn. App. 346, 348, 595 P.2d 563 (1979).

major claim by the other. It would be inequitable to award substantial fees in these circumstances, particularly where the money judgment involved actually was simply a recognition that Ms. Morford was owed a portion of her own deposit.

We conclude the trial court did not commit error in not allowing Ms. Morford her attorney fees. The trial court's judgment is affirmed.

McINTURFF, C.J., concurs.

MUNSON, J. (concurring)—Ms. Morford contends the District Court should have awarded her attorney fees as a prevailing party. As authority, she cites RCW 4.84.330 and 59.18.280. Ms. Morford's attorney advised us at oral argument he seeks $3,500 for his representation in district court, $1,200 for the appeal in superior court, and $3,777.96 including costs for this appeal. This, for a judgment in which his client netted $86.

While *Singleton v. Frost,* 108 Wn.2d 723, 742 P.2d 1224 (1987) does hold that RCW 4.84.330 is a mandatory statute awarding reasonable attorney fees to a prevailing party in an action brought on a contract or a lease, that provision is not applicable here. This lease expired in 1983 and Ms. Morford continued as a tenant on a month–to–month basis.

RCW 59.18.280 does provide in the last sentence of the second paragraph, "the prevailing party shall additionally be entitled to the cost of suit or arbitration including a reasonable attorney's fee" for the landlord's failure to make a refund of the deposit. However, that statute does not have the provision contained in RCW 4.84.330 that voids a waiver by any of the parties to a contract or lease entered into after September 21, 1977. Likewise, the last paragraph of RCW 59.18.280 does provide that a landlord may bring an action for damage over and above the amount of deposit and if successful may be accorded attorney fees.

Here, the tenant started an action in small claims court. The landlord brought an action in district court on other

claims including retention of the $250 damage deposit, for a total of $1,925.74. The tenant's small claim action was transferred to district court. The tenant's counsel accepted this case as a pro bono assignment. He now claims the client did not meet pro bono qualifications and is charging his client for his representation; she is paying on a monthly basis.

The District Court Judge in his oral opinion noted this entire matter could have been settled not only sooner, but quicker had the matter remained in small claims court, and in all likelihood, with the same result. His opinion evidences a friction between the landlord and the tenant caused the tenant to move out and these claims to ensue. He found none of them valid other than the tenant was entitled to approximately one–third of her deposit; the other two–thirds was required to clean up the rented premises.

When the landlord sued for an amount in excess of the deposit plus the deposit, the tenant was required to defend or be subject to a default plus an award of attorney fees. The landlord did not prevail upon that contention, among others, and hence was not entitled to attorney fees on that basis. Had the landlord prevailed, she would be entitled to attorney fees. Thus, the tenant should be able to defend and be awarded her reasonable attorney fees for that defense if she prevails. Here, she did get a partial return of her deposit.

Initially, the District Court was prepared to award attorney fees to the tenant. Counsel for the landlord prevailed on an argument that this was basically a suit of vengeance by both parties and in equity each party should bear her own expense. In all candor, this was a most practical solution.

However, the tenant did not claim a right to attorney fees on the basis that the landlord had brought an action in excess of the damage deposit and lost and thus the tenant was entitled to attorney fees. She sought it solely because she recovered part of her deposit. While, in some cases,

fighting for a principle may be worth the cost, an opponent is not always required to reimburse legal fees. RCW 59.18-.280 allows attorney fees for recovery of the deposit, but the $8,477.96 is for the trial of all claims and two appeals. Having won only a piece of the action, she is not entitled to her total fees.

I see no reason why it should cost three times as much in attorney fees to handle an appeal in this court when the same issue was appealed to the superior court. I have not been enlightened with what counsel did differently at this level than he did in superior court. At best, the tenant is only entitled to recover a reasonable fee, pursuant to statute, for her claims against the contention for retainage of the deposit and defense of alleged additional damages to the premises. That portion of the statute has not been addressed by the tenant at any stage of these proceedings nor has the amount of fees attributable to that issue been designated. I agree with the majority.