FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 DEC 16 AM 9: 47



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| TIM McCLINCY, an individual;<br>McCLINCY BROTHERS FLOOR<br>COVERING, INC., a Washington<br>corporation, dba McCLINCY'S HOME<br>DECORATING,<br><br>                  Respondents,<br><br>        v.<br><br>MILLER ROOFING ENTERPRISES,<br>INC.,<br><br>          Appellant. | No. 69606-8-I<br><br>DIVISION ONE<br><br><br><br>UNPUBLISHED<br><br>FILED: <u>December 16, 2013</u> |

Cox, J. — This case is here on a CR 54(b) certification from the trial court following an earlier appeal, reversal, and remand in part, for further proceedings.[1] On remand, Miller Roofing Enterprises Inc. moved for leave to amend its answer. Because the trial court properly exercised its discretion in denying Miller's request to add 12 new affirmative defenses, we affirm.

This action arose out of a series of contracts between Miller and Tim McClincy and related entities (collectively "McClincy"). Those contracts include a written contract, entered into in 1997, and two oral contracts, entered into in 2006, for roofing work on a commercial building owned by a McClincy entity.

---

[1] <u>McClincy v. Miller Roofing Enters, Inc.</u>, noted at 168 Wn. App. 1001, 2012 WL 1587914.

A bench trial in October 2010 culminated in a final judgment in favor of McClincy in the amount of $1,388,193.59. Miller appealed, and this court reversed in part in an unpublished decision.

As to the written contract claim, this court held that there was insufficient evidence to support a particular finding, and it reversed the judgment to the extent of that claim.

As to the oral contract claims, this court held that it was unclear whether these claims were barred by the statute of limitations, whether Miller waived the affirmative defense of untimely service of process, and when McClincy had notice of the defects underlying its claims. This court noted that the damages on which the breach of written contract claim was based were not segregated from the damages awarded for the breach of the oral contract claims. Accordingly, this court reversed the judgment on the two oral contract claims and remanded for further proceedings. In no way can the prior decision of this court be reasonably read as a "do-over" of the entire original trial.

In July 2012, following remand, Miller moved to amend its answer to assert 12 new affirmative defenses in addition to the seven defenses it previously asserted in the original trial. These new defenses included:

(8) Untimely service of process.

(9) Untimely notice of alleged defects.

(10) There is a lack of privity between Plaintiff McClincy Brothers Floor Covering, Inc. and this Defendant and, therefore Plaintiff McClincy Brothers Floor Covering, Inc. lacks standing to pursue claims against Defendant.

2

(11) The damages sustained by Plaintiffs are unavoidable from the standpoint of this Defendant.

(12) Intervening and superseding cause.

(13) Plaintiffs accepted the performance of Defendants.

(14) Plaintiffs misused the product.

(15) No warranty was provided or any applicable warranty expired.

(16) Plaintiffs' claim is barred by the rules governing spoliation of evidence.

(17) Plaintiffs' claim for repair costs will result in an unjust enrichment and substantial increase in the value of the property and its reasonable useful life.

(18) Plaintiffs' claim and suit are barred by RCW 4.16.326(1)(g).

(19) The alleged breaches do not and will not adversely affect the performance of the building(s) and any adverse effect is merely technical and not significant to a reasonable person.[2]

In its motion for leave to amend, Miller argued that several of these defenses were "formalizing arguments made by Miller previously."

McClincy opposed the motion. McClincy correctly argued that the prior decision of this court limited the scope of issues to be addressed on remand. McClincy also argued that allowing the amendment would be prejudicial, that Miller waived these affirmative defenses, and that the defenses were barred by the doctrine of collateral estoppel.

---

[2] Clerk's Papers at 9.

3

The trial court denied Miller's motion for leave to amend. It later entered an order and certified it for immediate review pursuant to CR 54(b) as a final appealable judgment.

## MOTION TO AMEND ANSWER

Miller argues that the trial court manifestly abused its discretion by denying its motion for leave to amend the answer and affirmative defenses. Specifically, it argues that Washington law permits amendments to pleadings after remand and that the amendment is proper under CR 15. We hold that the trial court properly exercised its discretion when it denied this motion.

The decision to grant leave to amend pleadings is within the sound discretion of the trial court.[3] When reviewing the trial court's decision to grant or to deny leave to amend, the reviewing court applies a manifest abuse of discretion test.[4]

Our review of the trial court's exercise of discretion is guided by principles stated in In re Marriage of Littlefield and the authorities on which it relies.[5] In that case, the supreme court stated:

> A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual

---

[3] Hines v. Todd Pac. Shipyards Corp., 127 Wn. App. 356, 373-74, 112 P.3d 522 (2005).

[4] Herron v. Tribune Publ'g Co., Inc., 108 Wn.2d 162, 165, 736 P.2d 249 (1987) (citing Del Guzzi Constr. Co. v. Global Nw., Ltd., 105 Wn.2d 878, 888, 719 P.2d 120 (1986)).

[5] In re Marriage of Littlefield, 133 Wn.2d 39, 940 P.2d 1362 (1997).

4

findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard.[6]

Here, the trial court correctly construed the remand to be about limited issues, not the whole case. At oral argument, the trial court stated:

> And they knocked out a few things, which I think narrows it. In fact, they did take the time to narrow the issues on remand. *They didn't just say it's a do-over*, they said specifically what I'm to consider. *They didn't say open up the record. They didn't say open up discovery again*. They said, directly, you need to find enough evidence, one way or the other.
>
> . . .
>
> But I think it would be absolutely prejudicial to allow the amendment at this late stage in the proceedings. It's like saying everything that [Miller's prior counsel] did doesn't count.[7]

The question is whether the trial court's decision is outside the range of acceptable choices, given our prior decision and the facts and the applicable legal standard.

Miller argues that "longstanding Washington law" broadly permits amendments to pleadings after remand, citing to various cases. McClincy argues that because this case was remanded with instructions to retry only certain discrete issues, circumstances in this case are "starkly different" from the circumstances in the cases cited by Miller. Which of these contrasting views is correct under the circumstances of this case is at issue.

---

[6] Id. at 47 (citing State v. Rundquist, 79 Wn. App. 786, 793, 905 P.2d 922 (1995)).

[7] Report of Proceedings (Oct. 30, 2012) at 17 (emphasis added).

Neither party cites the supreme court's opinion in <u>Ennis v. Ring</u>.[8] But dicta in that case supports the trial court's decision.

That case involved two appeals.[9] The original action was brought by court commissioners for rent and for breach of lease.[10] At the conclusion of the case, the trial judge entered a judgment of dismissal without prejudice.[11] The supreme court, on the first appeal, reversed in part with instructions to grant a new trial upon the causes of action which had been dismissed erroneously.[12] On remand, the lessees amended their answer to include a counterclaim.[13] The case was appealed a second time, and the plaintiffs urged that "the trial court should not have permitted amendment of the answer to include an entirely new defense after remand for retrial on **specific issues**."[14] In its opinion, the court stated: "We have no quarrel with this contention, in proper circumstances, but it is clear it is not applicable to the instant case."[15] Although this statement was dicta, it

---

[8] 56 Wn.2d 465, 341 P.2d 885 (1959).

[9] <u>Id.</u> at 469.

[10] <u>Id.</u>

[11] <u>Id.</u>

[12] <u>Id.</u>

[13] <u>Id.</u>

[14] <u>Id.</u> at 470 (emphasis in original).

[15] <u>Id.</u>

supports the trial court's exercise of discretion in this case. In sum, a "remand for retrial on specific issues" is different from a general remand.

Nonetheless, even if an amendment to a pleading in this circumstance is procedurally proper, the amendment is still governed by CR 15. For that reason, we next consider the decision under that rule.

CR 15(a) governs amendments of pleadings. The rule provides that leave to amend "shall be freely given when justice so requires."[16] The purpose of the rule is to "facilitate proper decisions on the merits, to provide parties with adequate notice of the basis for claims and defenses asserted against them, and to allow amendment of the pleadings except where amendment would result in prejudice to the opposing party."[17]

The factors a court may consider in determining prejudice include undue delay, unfair surprise, and whether the amendment is likely to result in jury confusion, introduce remote issues, or lead to a lengthy trial.[18] The timing of a motion to amend pleadings, in terms of the "progress of litigation," may result in prejudice but otherwise is not dispositive.[19] Similarly, the fact that an amendment could have been included in an earlier pleading will not preclude amendment

---

[16] CR 15(a).

[17] Wilson v. Horsley, 137 Wn.2d 500, 505, 974 P.2d 316 (1999) (citing Caruso v. Local Union No. 690, 100 Wn.2d 343, 349, 670 P.2d 240 (1983)).

[18] Herron, 108 Wn.2d at 165-66.

[19] Id. at 166 (citing Caruso, 100 Wn.2d at 349-50)).

absent prejudice.[20] Overall, the "touchstone" for the denial of a motion to amend is the prejudice such an amendment would cause to the nonmoving party.[21] A showing of actual prejudice must rise beyond conclusory assertions.[22]

Here, the trial court explicitly stated that its justification for the court's denial of the motion was the prejudice that McClincy would endure:

> I don't think that's what this opinion is telling me to do, is to reopen the record on all issues and allow [Miller] to plead affirmative defenses that were never pled by [Miller's prior counsel] in the first place. **That's prejudicial; that would be a manifest abuse of discretion.**[23]

The trial court's determination of prejudice is well supported. McClincy's counsel argued to "[p]rove up affirmative defenses that were not pled require[s] new discovery, new evidence, [and] new expense."[24] He stated that "the prejudice is the time, the delay, and the extraordinary expense," and he argued that "[McClincy] doesn't have the resources available to [it]."[25]

McClincy also submitted a declaration from its attorney outlining the impact of such an amendment. McClincy's counsel indicated that some or all of the 13 witnesses who testified at trial would have to be re-deposed, and some or

---

[20] Caruso, 100 Wn.2d at 350.

[21] Wilson, 137 Wn.2d at 505.

[22] See Walla v. Johnson, 50 Wn. App. 879, 884, 751 P.2d 334 (1988); Caruso, 100 Wn.2d at 351.

[23] Report of Proceedings (Oct. 30, 2012) at 18.

[24] Id. at 14.

[25] Id.

all would have to be recalled for trial testimony. He stated that even if Miller did not intend to engage in discovery, McClincy would still have to marshal evidence in opposition.

Although McClincy was not able to pinpoint the exact cost of relitigating these issues, McClincy's arguments rise beyond mere conclusory assertions. McClincy clearly identifies each defense that will require new evidence and expert testimony.

In Oliver v. Flow International Corp., this court held that the opponent's showing of prejudice was adequate to justify denial of a motion to amend the complaint because "[a] new round of discovery would have been necessary."[26] As discussed above, this would be a similar concern here.

In sum, given the trial court's concern about reopening the record, and McClincy's arguments that the amendment would be prejudicial, the trial court did not manifestly abuse its discretion when it denied Miller's motion.

Miller makes a number of arguments that the amendment is proper under CR 15, but they are not persuasive. Accordingly, we reject all of them.

First, Miller argues that there is no prejudice to McClincy because McClincy did not object to Miller's jury demand. That is irrelevant. Equally irrelevant is that no trial date has been set. The issue is not whether McClincy would have ample time to conduct discovery, amend its complaint, or identify

---

[26] 137 Wn. App. 655, 664, 155 P.3d 140 (2006).

9

new witnesses. Rather, the issue is whether McClincy would have to do this *at all.* Thus, Miller's arguments are not helpful.

Second, Miller contends that McClincy's argument that it will have to reopen discovery at enormous cost is made "without any evidentiary support, and fails to acknowledge recoveries by [McClincy]." But, as discussed above, the declaration submitted by McClincy's counsel, as well as the arguments made at oral argument, both demonstrate the expense that McClincy might incur if discovery was reopened. Although McClincy could not pinpoint the cost, this showing was adequate. Additionally, Miller's suggestion that McClincy could move for a protective order is irrelevant. Miller cites no authority for the proposition that this is the "proper remedy" for potential prejudice, or that this is to be considered in a CR 15 analysis when determining whether the opposing party will suffer prejudice. Thus, we reject these arguments.[27]

Third, Miller argues that the evidence establishes that "Miller, and not [McClincy], would be severely prejudiced if Miller were forced to try this matter without some limited discovery." But again, Miller has cited no authority that requires a court to consider prejudice to the *moving* party or that instructs a court to weigh the competing prejudices.

Fourth, Miller argues that many of these defenses are now appropriate "in light of the changed procedural posture of the case" and that the issues are "now

---

[27] State v. Dennison, 115 Wn.2d 609, 629, 801 P.2d 193 (1990); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

10

reconfigured." Miller's argument has no weight. As discussed above, the issues are not "reconfigured" on remand.

Finally, Miller argues that several of the affirmative defenses are proper under CR 15(b), which provides that "[w]hen issues not raised [in] the pleadings are tried by express or implied consent of the parties, they shall be treated as if they had been raised in the pleadings."[28] Miller argues that a number of these defenses "merely formalize arguments previously made by Miller."

Under CR 15(b), "failure so to amend does not affect the result of the trial of [those] issues." Accordingly, whether McClincy impliedly consented to any of these defenses must still be addressed.

In determining whether the parties impliedly tried an issue, an appellate court will consider the record as a whole.[29] But the record that is presently before this court in this review is very limited. It obviously is not the same record that was before this court on the prior review. Thus, we are not able to make the determination about which of these defenses, if any, were impliedly consented to by McClincy in the prior trial. The trial court is in the best position to make this determination in the first instance. We defer to the trial court to make that determination in this case.

In this court's prior opinion, this court expressly directed the trial court, on remand, to consider whether Miller waived one of these defenses (service of

---

[28] CR 15(b).

[29] Dewey v. Tacoma Sch. Dist. No. 10, 95 Wn. App. 18, 26, 974 P.2d 847 (1999).

process). The trial court indicated in its oral ruling that it would follow this court's instructions: "I'm going to just go paragraph by paragraph, based on what their remand directs this Court to do."[30] Accordingly, even if Miller's answer does not formally reflect the addition of these defenses, the trial court will consider the relevant defenses, including any defenses that may have been impliedly consented to, on remand.

In sum, we conclude that the trial court did not manifestly abuse its discretion in denying the motion for leave to amend. McClincy would be prejudiced by such an amendment. Further, whether there is a formal amendment does not affect the trial court's limited review and consideration of the relevant issues.

## WAIVER, COLLATERAL ESTOPPEL, AND STARE DECISIS

McClincy argues that the proposed affirmative defenses are barred by waiver, by the doctrine of collateral estoppel, and by stare decisis. Because of our disposition, we need not address these arguments.

We affirm the order denying the motion to amend.

Cox, J.

WE CONCUR:

Spearman, A.C.J.          Appelwick, J.

---

[30] Report of Proceedings (Oct. 30, 2012) at 17.

12