

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2016 SEP 26 AM 11: 42

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| BIRNEY DEMPCY and MARIE DEMPCY, husband and wife, and their marital community,<br><br>          Appellants,<br><br>          v.<br><br>CHRIS AVENIUS and NELA AVENIUS, husband and wife, and their marital community,<br><br>          Respondents,<br><br>JACK SHANNON, an individual; and RADEK ZEMEL, an individual,<br><br>          Defendants. | No. 73869-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br><br><br><br><br><br><br>FILED: September 26, 2016 |

APPELWICK, J. — The Dempcys sued their neighbors, the Aveniuses, to establish their right to an easement over part of the Aveniuses' property and to require the Aveniuses to remove a hedge, fence, trellis, and 11 trees from their property. The trial court dismissed the Dempcys' easement claim and their request to remove the trellis and 11 trees. The court ordered the Aveniuses to remove the hedge and fence. The Dempcys moved for attorney fees under the CC&Rs that govern the neighborhood. The court denied that motion, reasoning that each party prevailed on a major issue so there was no prevailing party. We affirm.

FACTS

Birney and Marie Dempcy and Chris and Nela Avenius are neighbors. The Aveniuses' property is immediately adjacent to and north of the Dempcys' property. Both properties are part of the Pickle Point Association.

The Pickle Point Association is governed by a declaration of protective covenants, restrictions, easements, and agreements (the CC&Rs). The CC&Rs contain a provision relating to fences. This provision prohibits the construction of fences, walls, hedges, and mass plantings between the Dempcy property and the Avenius property, unless both affected owners approve. It also restricts all fences, walls, hedges, or mass plantings from extending higher than six feet above the ground. The CC&Rs also permit the prevailing party in an action enforcing the CC&Rs to recover attorney fees.

The Dempcys sued the Aveniuses alleging that the Aveniuses' fence, hedge, trellis, and 11 of their trees violated the CC&Rs provisions pertaining to fences. And, the Dempcys asserted that the Aveniuses were interfering with an easement that gives the Dempcys the right to use the Aveniuses' property for ingress and egress and for utilities as may be reasonably necessary. The Dempcys argued that this easement also permitted them to use a different portion of the Aveniuses' property to walk from the east part of their own property to the west yard.

After a bench trial, the trial court rejected the Dempcys' claim that the easement permitted them to use a different strip of the Aveniuses' property. The

trial court also ruled that the fence and hedge between the Dempcy and Avenius properties violated the CC&Rs. But, the court determined that the Aveniuses' trellis and 11 trees did not violate the CC&Rs. Accordingly, the court ordered that the Aveniuses must remove the fence and hedge and denied with prejudice all other requested relief.

Following the trial court's decision, the Dempcys requested an award of attorney fees and costs pursuant to the CC&Rs. The trial court denied the Dempcys' motion for attorney fees. It noted that with regard to the claims relating to the CC&Rs, each side won in part and lost in part. As a result, the court held that there was no prevailing party, and an award of attorney fees was not appropriate.

The Dempcys appeal.

DISCUSSION

The Dempcys assert that the trial court erred in determining that they were not the prevailing party and therefore denying their motion for attorney fees. And, both parties contend that they are entitled to reasonable attorney fees on appeal.

The determination of which party was the prevailing party below is a mixed question of law and fact that we review under the error of law standard. Sardam v. Morford, 51 Wn. App. 908, 911, 756 P.2d 174 (1988); Eagle Point Condo. Owners Ass'n v. Coy, 102 Wn. App. 697, 706, 9 P.3d 898 (2000).

Attorney fees are not available unless permitted by a contract, statute, or recognized ground of equity. City of Seattle v. McCready, 131 Wn.2d 266, 273-

74, 931 P.2d 156 (1997). When authorized by contract, the trial court has discretion to determine a reasonable fee award. Newport Yacht Basin Ass'n of Condo. Owners v. Supreme Nw., Inc., 168 Wn. App. 86, 97-98, 285 P.3d 70 (2012). Generally, the prevailing party is the party that receives a favorable judgment. Sardam, 51 Wn. App. at 911.

In this case, the CC&Rs contained a provision permitting the prevailing party in any action to enforce the CC&Rs to collect attorney fees and costs. Therefore, the issues related to the CC&Rs only could support an award of attorney fees.

The Dempcys assert that, because they were the only party that received an affirmative judgment on a claim, they are the prevailing party. They point to the court's order requiring the Aveniuses to remove the fence and hedge as evidence of an affirmative judgment in their favor. They argue that under Washington law, a party who does not receive the full amount of relief sought is still the prevailing party. See Silverdale Hotel Assocs. v. Lomas & Nettleton Co., 36 Wn. App. 762, 774, 677 P.2d 773 (1984) (noting that a party need not recover its entire claim to be the prevailing party); Stott v. Cervantes, 23 Wn. App. 346, 347, 349, 595 P.2d 563 (1979) (plaintiffs who recovered damages of $3,419 in suit for $10,000 were prevailing party).

However, Washington case law recognizes that a defendant can be a prevailing party by successfully defending against a claim. Marassi v. Lau, 71 Wn. App. 912, 918, 859 P.2d 605 (1993), abrogated on other grounds by Wachovia SBA Lending, Inc. v. Kraft, 165 Wn.2d 481, 200 P.3d 683 (2009). The defendant

need not have made a counterclaim for affirmative relief to recover as a prevailing party. Newport Yacht, 168 Wn. App. at 99. When both parties prevail on major issues, attorney fees are not appropriate. Marassi, 71 Wn. App. at 916.

Here, the Dempcys prevailed on whether the CC&Rs prohibited the Aveniuses' fence and hedge. The Aveniuses prevailed on whether the CC&Rs prohibited the trellis and 11 trees.

The Dempcys respond that the CC&Rs issue constituted a single claim, and the trial court erred in treating them as two separate issues so as to deny their motion for attorney fees. However, the record does not contain a transcript of the trial pertaining to these claims. Our review is limited to the pleadings in the record and the trial court's oral ruling, memorandum decision, and order. The Dempcys alleged two violations of the CC&Rs: the Aveniuses' "fence structure and mass plantings between the Dempcy property and the Avenius property." The trial court found in their favor on the fence and hedge, but denied the Dempcys' other requested relief with prejudice. In denying the Dempcys' motion for attorney fees, the court ruled that both sides prevailed on major issues related to the covenant. On this record, the trial court did not abuse its discretion in ruling that both sides prevailed on major issues.

Alternatively, the Dempcys contend that the trial court failed to follow the appropriate procedure for awarding attorney fees in a multiple claim case. They argue that under International Raceway, Inc. v JDFJ Corp., 97 Wn. App. 1, 970

5

P.2d 343 (1999), the trial court is required to provide findings of fact and conclusions of law to support the allocation of fees among the claims.

JDFJ Corp. does not apply on these facts. In that case, each party made a separate and distinct claim against the other. JDFJ Corp., 97 Wn. App. at 4. The trial court determined that neither party prevailed on one issue, and International Raceway won on the other issue. Id. at 7. Reasoning that the issue on which International Raceway prevailed constituted two-thirds of the action, the court awarded International Raceway two-thirds of its attorney fees. Id. On appeal, the court held that this proportionality approach is appropriate in cases where multiple distinct and severable claims are at issue. Id. at 8-9.

This case did not involve multiple distinct and severable claims made by each party. Instead, the Dempcys claimed that the Aveniuses violated the CC&Rs in multiple ways. They were successful in part and unsuccessful in part. The applicable rule here is that stated in Marassi: where both parties prevail on major issues, an attorney fee award is not appropriate. 71 Wn. App. at 916. The trial court properly applied the Marassi rule to these facts.

The Dempcys and the Aveniuses both seek attorney fees on appeal under RAP 18.1. RAP 18.1(a) permits attorney fees on appeal if authorized by applicable law. Where a contract allows for attorney fee awards in the trial court, the prevailing party before this court may seek reasonable attorney fees incurred on appeal. Viking Bank v. Firgrove Commons 3, LLC, 183 Wn. App. 706, 717-18, 334 P.3d 116 (2014). Here, the CC&Rs authorize attorney fee awards in any action to

6

enforce it, so the prevailing party on appeal may also recover attorney fees. Because we hold that the trial court did not err in denying the Dempcys' motion for attorney fees, the Aveniuses are the prevailing party on appeal. They are entitled to reasonable attorney fees for the costs of appeal.

We affirm.

_Appelwick, J_

WE CONCUR:

_Mann, J_                    _Dwyer, J._