[No. 14-40235-2. Division Two. October 30, 1969.]

E. C. JOHNSON, *Respondent,* v. THOMPSON CONSTRUCTION *et al., Appellants.*

*Read & Church* and *William H. Dunn,* for appellants.

*Studley, Purcell, Spencer & Arkell* and *Dave C. Spencer,* for respondent.

PER CURIAM.—Plaintiff brought this action to recover the balance due on a construction contract and to foreclose its mechanics' lien. The principal, Thompson Construction, Inc., counterclaimed, alleging breach of contract. The trial court, sitting without a jury, entered judgment for the plaintiff, dismissed defendant's counterclaim and granted plaintiff attorney's fees on appeal. Defendant assigns error to the dismissal of his counterclaim and to the award of attorney's fees on appeal.

The defendant contracted with Safeway to build a new store. The plaintiff subcontracted to perform plumbing, heating, air conditioning and demolition work on the project for defendant. The portions of the subcontract relevant here are:

> In the event any acts or omissions of the Subcontractor delay the Contractor in the performance of the General Contract and result in the Contractor being subjected to any penalties or liabilities thereunder, the Subcontractor shall, upon demand of the Contractor, promptly pay to and reimburse it for the full amount of any penalties or liabilities so incurred.
>
> . . .
>
> A completion date of July 29, 1966 has been established for this job. Any subcontractor or supplier that causes a delay of the job completion past this date without due cause approved in writing by a Corporate Officer of Thompson Construction, Inc., will be assessed all costs and litigation expense due to the said delay.

The unchallenged findings of fact and the oral decision of the court establish that the plaintiff performed all the work required under the subcontract. However, the work was not performed within the time specified due to delays which were not caused by the plaintiff. The plaintiff neither requested nor obtained written approval for the delays from the general contractor.

We agree with the trial court in its interpretation of the contract provisions quoted above. The subcontract specifically provides that delays must have been *caused* by the subcontractor before he was required to obtain written ap-

proval or suffer liability. Delays by other workers on the project rendered it impossible for the plaintiff to perform his contractual duties by the date assigned. Notification to the general contractor would have been useless.

The trial court awarded the plaintiff attorney's fees of $300 on appeal under RCW 60.04.130. That statute pertains to appeals involving mechanics' and materialmen's liens. We do not think the statute is applicable here, and attorney's fees on appeal should not have been allowed in this case. The sole subject matter of this appeal—the counterclaim for breach of contract—is not within the statute. *Forrester v. Craddock*, 51 Wn.2d 315, 317 P.2d 1077 (1957). Also, the lien was satisfied prior to the appeal.

As modified to eliminate attorney's fees on appeal, the judgment is affirmed. Respondent is awarded costs on appeal.