491 S.E.2d 244

**BRASINGTON TILE COMPANY, INC., Appellant,**

v.

**Harold G. WORLEY, Respondent,**

**South Carolina National Bank, Fabmaster, Inc., and Space Metal Fabricators, Inc., Defendants.**

**No. 24683.**

*Supreme Court of South Carolina.*

Heard Feb. 18, 1997.

Decided Sept. 2, 1997.

Rehearing Denied Oct. 10, 1997.

R. Dean Welch, of Welch Law Firm, P.A., Surfside Beach, for Appellant.

Timothy E. Madden and David H. Wilkins, both of Wilkins & Madden, Greenville, for Respondent.

TOAL, Justice:

In this action to recover on a mechanic's lien, Appellant Brasington Tile Company ("Contractor") appeals the special referee's determination that Respondent Worley ("Owner") was the prevailing party in the litigation and was, therefore, entitled to attorneys' fees. We affirm.

### FACTUAL/PROCEDURAL BACKGROUND

Owner is the proprietor of the O.D. Cafe, a restaurant and bar in North Myrtle Beach. When the restaurant needed renovations, Owner hired Contractor to perform some of the necessary work. In order to speed up the work, Owner allowed Contractor's employees to stay at a motel owned by Owner, and Owner gave Contractor a substantial discount on the room rates.

When Contractor's participation in the renovation project ceased, Owner and Contractor disagreed about the amount Owner owed Contractor. On July 18, 1991, Contractor filed a mechanic's lien against the property in the amount of $34,-200.46. Three months later, on October 18, 1991, Contractor sued Owner to foreclose the mechanic's lien.[1] Owner's answer contained a counterclaim as well as a claim for setoffs and credits. Owner requested that any amounts he owed Contractor be offset by the amount Contractor owed him for the motel room charges for Contractor's employees.

A special referee heard the action and ruled Contractor was entitled to recover under his mechanic's lien. Initially, the referee awarded Contractor $14,846.81, having determined Contractor was entitled to $18,376.06 [2] less $3,529.25 in offsets. Of the offset amount, $2,595.50 represented the value of the motel accommodations. The special referee also awarded Contractor attorneys' fees and costs of $14,846.81 plus pre-judgment interest at 8.75%.

Owner filed a motion under Rule 59(e), SCRCP, asking the special referee to reconsider, among other things, the determination that Contractor was entitled to attorneys' fees and costs. On February 15, 1996, the special referee modified his original order, finding Owner the prevailing party as defined in S.C.Code Ann. § 29–5–10 (1991) and awarding Owner attorneys' fees and costs in the amount of $14,846.81.[3]

Contractor appeals on three grounds:

1. There was not sufficient mutuality of interests for the claim regarding motel accommodations to be treated as a setoff;

---

1. Other interested parties were named and appeared in the lawsuits, but none of the claims by or against those parties are relevant to the resolution of this appeal.

2. The original order misstated this amount as $16,216.06. The order issued pursuant to Owner's Rule 59(e) motion explained that the $16,216.06 figure had simply been a scrivener's error and that $18,-376.06 was the correct amount.

3. Contractor's appeal concerns Owner's entitlement to attorneys' fees, not the amount of the fee awarded.

2. In determining the prevailing party in this action, the special referee should have regarded the verdict as the amount to which Contractor was entitled before the offsets were considered; and

3. In determining the prevailing party under section 29–5–10, the special referee should have considered Owner's counterclaim a "negative" offer of settlement.

## LAW/ANALYSIS

### A. PROPRIETY OF SETOFF

Contractor first argues that Owner's claim for the cost of motel accommodations should not be considered a setoff or a counterclaim and should not, therefore, have been brought in this action. We disagree.

■ The Record does not reflect that Contractor ever raised to the special referee the propriety of the setoff itself. In its Reply to Owner's original Answer, Contractor simply stated that the allegations relating to the setoff "require[d] no response." The Record contains no objection by Contractor to Owner's introducing evidence concerning the value of the motel accommodations. If Contractor considered the motel accommodations an improper subject for setoff, it should have raised the issue to the special referee. As it failed to do so, the issue is not properly before this Court. *See, e.g., Smith v. Phillips,* 318 S.C. 453, 458 S.E.2d 427 (1995) (appellate court may not reach issue not raised to or ruled upon by trial court).

■ On the merits of this issue, we find there is sufficient mutuality for the claim relating to motel accommodations to be asserted as a setoff. Courts "generally do not, with respect to a setoff, require the same strict degree of mutuality as is required in a counterclaim." *Kirkland, Inc. v. Providence Washington Ins. Co.,* 264 S.C. 573, 580, 216 S.E.2d 518, 521 (1975). Here, there is certainly mutuality of parties. Moreover, although the provision of the motel accommodations may not have been *directly* encompassed within the terms of the parties' agreement, the accommodations were provided in order to facilitate Contractor's performance of the agreement. Also, as best we can discern, the agreement between the parties concerning construction was not limited to the original

contract, but encompassed change orders and similar requests. The motel accommodations could certainly be classified as part and parcel of the parties' *entire* agreement concerning the renovations at the O.D. Cafe. Under these circumstances, the motel accommodations were an appropriate subject for setoff.

## B. ATTORNEYS' FEES TO PREVAILING PARTY

██ Contractor next argues that the special referee erred in determining Owner was the prevailing party under section 29–5–10 for purposes of an award of attorneys' fees. We disagree.

S.C.Code Ann. § 29–5–10(a) provides that the prevailing party to an action to foreclose a mechanic's lien shall be awarded attorneys' fees and costs up to the amount of the actual lien award. Subsection (b) of the statute specifies the method for determining the prevailing party to the litigation:

> Not less than fifteen days before the first term of court at which the trial is set, either party may file and serve on the other party an offer of settlement, and within ten days thereafter the party served may respond by filing and serving his offer of settlement. The offer shall state that it is made under this section and specify the amount, exclusive of interest and costs, which the party serving the offer is willing to agree constitutes a settlement of the lien....
> \* \* \*
>
> \* \* \*
>
> If a written offer of settlement is made by both parties, *the party whose offer is closer to the verdict reached is considered the prevailing party in the action.* If the difference between both offers and the verdict is equal, neither party is considered to be the prevailing party for purposes of determining the award of costs and attorney's fees.
>
> If the plaintiff makes no written offer of settlement, the amount prayed for in his complaint is considered to be his final offer of settlement for purposes of this section.
>
> If the defendant makes no written offer of settlement, *his offer of settlement is considered to be zero.*

(emphasis added).

Contractor first argues that the word "verdict," as used in the statute, should be construed to mean only the amount

awarded on the mechanic's lien itself without regard to any offsets. If this Court so construes "verdict," Contractor will be the prevailing party in this action and thus will be entitled to attorneys' fees.

■ No South Carolina case directly addresses this issue as it relates to mechanic's liens. However, the general rule concerning the effect of a setoff is that

a setoff ... becomes part of a single controversy between the parties, requiring only *one verdict and one judgment* according to the facts. Generally, if an established setoff or counterclaim is less than the plaintiff's demand, the plaintiff has judgment for the residue only.

20 Am.Jur.2d *Counterclaim, Recoupment, & Setoff* § 88 (1995).

We find that this rule applies in the context of South Carolina's mechanic's lien statutes where the party defending against the lien is entitled to offsets or has prosecuted successfully a compulsory counterclaim. A mechanic's lien is intended to secure payment for the value of "labor performed or furnished or for materials furnished and actually used in the erection, alteration, or repair of a building or structure upon real estate ... by virtue of an agreement with ... the owner of the building or structure...." S.C.Code Ann. § 29–5–10. The value of the labor performed is necessarily affected by the quality of a contractor's workmanship, and the amount an owner owes a contractor for a project is necessarily affected by amounts paid by the owner for which the contractor was actually responsible. Setoffs and compulsory counterclaims, which are by definition closely related to the underlying dispute about which the plaintiff filed a lawsuit, directly affect the amount an owner actually owes for construction and are part of one verdict along with amounts expended by a contractor for labor and materials.

Mechanic's liens statutes vary from state to state, and provisions concerning attorneys' fee awards to prevailing parties vary widely. Nevertheless, some cases from other jurisdictions provide valuable guidance on the question whether setoffs and counterclaims should be considered in the determination of the prevailing party. In *Ferrell v. Ashmore*, 507 So.2d 691 (Fla.Ct.App.1987), a contractor brought an action

against a homeowner for foreclosure of a mechanic's lien for costs incurred in constructing the home. The homeowner filed a counterclaim against the contractor, alleging breach of the construction contract. The trial court ultimately found that the contractor was entitled to recover approximately $10,820 under his mechanic's lien claim and the homeowner was entitled to approximately $31,000 on his counterclaim. The contractor then argued that because the trial court had found him entitled to recover under the mechanic's lien statute, he was the prevailing party and was, therefore, entitled to attorneys' fees.

The Florida District Court of Appeals disagreed. It concluded that "where the owner's successful counterclaim, which is predicated upon a breach of the same contract under which the contractor/lienor furnished its materials and labor, effectively defeats enforcement of the contractor's otherwise valid mechanic's lien," the owner is the prevailing party entitled to attorneys' fees. *Id.* at 695.

Similarly, in *Moritzky v. Heberlein,* 40 Wash.App. 181, 697 P.2d 1023 (1985), a contractor brought an action to foreclose a mechanic's lien on a house after the homeowner refused to pay certain costs associated with construction. The homeowner's answer contained a counterclaim against the contractor for negligent, incomplete work as well as for certain code violations. The trial court foreclosed the mechanic's lien for the full amount requested by the contractor, but ruled in favor of the homeowner on the counterclaim, awarding more than twice the amount of the mechanic's lien. The court then awarded attorneys' fees to the contractor, finding that the contractor was the "prevailing party" in the action to foreclose the lien. The homeowner appealed the award of attorneys' fees.

On appeal, the Washington Court of Appeals reversed the award of attorneys' fees to the contractor. It reasoned that the claims brought by the homeowner were compulsory counterclaims directly related to the underlying dispute and that the action "was tried as one lawsuit." *Id.,* 697 P.2d at 1025. Under such circumstances, the "determination of which party is the prevailing party, whether for the purpose of awarding costs or attorney fees, is made on the basis of which party has

an affirmative judgment rendered in his favor at the conclusion of the *entire case.*" *Id.* at 1024–25 (emphasis in original). *See also, e.g., First General Servs. v. Perkins,* 918 P.2d 480 (Utah.Ct.App.1996) (suggesting that counterclaims that are closely related to the mechanic's lien claim can defeat a mechanic's lien for purposes of award of attorneys' fees under the mechanic's lien statute).

Admittedly, these cases construe "prevailing party" statutes that differ from S.C.Code Ann. § 29–5–10(b). Nevertheless, they stand for the common sense proposition that where counterclaims and setoffs asserted in mechanic's lien actions are closely related to the underlying controversy, the controversy is, in actuality, *one* controversy with one judgment and one verdict. We agree with that proposition and conclude that the setoff should be considered in determining the prevailing party.[4]

 Finally, Contractor argues that for purposes of determining who is the prevailing party, the value of Owner's

---

4. In *Utilities Construction Co. v. Wilson,* 321 S.C. 244, 247, 468 S.E.2d 1, 2 (Ct.App.1996), the Court of Appeals held that "it is the enforcement of the lien which confers the right to attorneys' fees, and not the joinder of an attempted enforcement with another non-statutory cause of action on which the lienor prevails." Unlike the present case, *Utilities Construction* involved a situation in which the plaintiff was found not to have a valid lien *at all,* and under those circumstances, the Court of Appeals correctly concluded the plaintiff could not be the prevailing party. Here, however, where there is some entitlement to a mechanic's lien, it is entirely appropriate to consider compulsory counterclaims, offsets, and other closely related joined claims in determining the amount of the verdict. Determination of the prevailing party should be based on *one* verdict in the action, assuming some entitlement to a mechanic's lien.

Moreover, the realities of settlement negotiation as well as the language of section 29–5–10 dictate consideration of offsets and compulsory counterclaims. Section 29–5–10(b) provides a formula for determining the prevailing party when the parties have made written offers of settlement. If, in determining the "prevailing party," one considered only the mechanic's lien cause of action, parties would be forced to make two settlement offers—one for the mechanic's lien portion of the lawsuit and the other for the entire lawsuit. It is implausible that the General Assembly actually intended such a result. Moreover, the statute refers to "verdict" in the singular. Given that setoffs form part of one verdict with the underlying claim, it makes sense to read the statute in such a way that compulsory counterclaims and offsets are taken into account.

counterclaim should be considered its "settlement offer." Under such a theory, Owner's settlement offer would be approximately negative $24,000 (Owner's counterclaim was for $24,000), while Contractor's settlement offer would be approximately $34,000, the amount it requested in the Complaint. The special referee awarded $14,846.81, which is closer to $34,000 than to negative $24,000. Contractor concludes that it is the prevailing party under this method and is entitled to attorneys' fees and costs.

Contractor is correct that under the method it suggests it would be the prevailing party. Unfortunately for Contractor, that method is not prescribed by the plain language of section 29-5-10. As quoted above, section 29-5-10 provides that when neither party makes a written offer of settlement, the plaintiff's offer is considered the amount prayed for in its complaint and the defendant's offer is considered to be *zero*. Whether fairly or unfairly, the statute does not make provision for considering counterclaims as negative offers of settlement.

Here, the Record does not reflect that either party made a written offer of settlement. The clear terms of the statute mandate, therefore, that Contractor's settlement offer be the amount prayed for in the Complaint, $34,200.46, and Owner's settlement offer be considered zero. The special referee ultimately awarded $14,846.81, which is closer to zero than it is to $34,200.46. Using the formula prescribed in section 29-5-10, Owner is the prevailing party and is entitled to attorneys' fees and costs in an amount no greater than the value of the mechanic's lien award.

#### CONCLUSION

For the foregoing reasons, the decision of the special referee is **AFFIRMED.**

FINNEY, C.J., MOORE and WALLER, JJ., and MARC H. WESTBROOK, Acting Associate Justice, concur.