614 S.E.2d 629

**JRS BUILDERS, INC., Respondent,**

v.

**Henry G. NEUNSINGER, Judy Timms, and Atlantic Savings Bank, FSB, Defendants,**

**Of Whom Henry G. Neunsinger is Appellant.**

**No. 25995.**

Supreme Court of South Carolina.

Heard June 10, 2004.

Decided June 6, 2005.

Mary Leigh Arnold, of Mt. Pleasant, for appellant.

Steven L. Smith and Wm. Mark Koontz, of Smith, Collins & Newton, P.A., of North Charleston, for respondent.

Justice MOORE:

After a final judgment in favor of respondent (Builder) in its mechanic's lien action against petitioner (Homeowner), the master-in-equity awarded attorney's fees to Builder as the prevailing party. After certifying this case from the Court of Appeals pursuant to Rule 204(b), SCACR, we affirm in part and reverse in part.

## FACTS

On October 30, 1998, Builder brought an action against Homeowner pursuant to the Mechanic's Lien Statute, S.C.Code Ann. § 29–5–10 (1991). Builder asserted he was owed $74,500 for work performed in the construction of a home for Homeowner. Homeowner counterclaimed alleging causes of action for breach of contract, negligent construction, and breach of warranty. Homeowner's counterclaims sought an unspecified amount in actual and punitive damages.

After hearing the case, the master found Builder was entitled to $65,048 for breach of contract and that Homeowner established he was entitled to $36,907.26 on his counterclaim. The final result was judgment for Builder in the amount of $28,140.76. Attorney's fees and costs were not awarded to either party. Homeowner and Builder then filed motions for an award of attorney's fees on the ground that each was the prevailing party under S.C.Code Ann. § 29–5–10(b) (providing method for award of attorney's fees for prevailing party in action to foreclose mechanic's lien).[1]

The master filed an amended order. In this order, the award to Homeowner was increased to $44,430.86 and final judgment for Builder was entered in the amount of $20,617.14. Further, the master summarily found the amended version of § 29–5–10, although enacted after the institution of Builder's action, applied and awarded attorney's fees to Builder as the prevailing party. The amount of attorney's fees was $29,033.75.

1. In 1999, § 29–5–10(b) was amended. As will be discussed *infra,* Homeowner argues the former statute applies while Builder argues the amended statute applies.

## ISSUE

Did the trial court err by finding Builder to be the prevailing party who was entitled to attorney's fees pursuant to the amended version of S.C.Code Ann. § 29–5–10 (Supp.2003)?

## DISCUSSION

Homeowner contends the pre–1999 version of § 29–5–10 should apply when determining who is the prevailing party for the purpose of awarding attorney's fees. Builder contends the amended version of § 29–5–10 should be applied retroactively.

The prior version of the statute, S.C.Code Ann. § 29–5–10(a) (1991), establishes that the prevailing party to an action to foreclose a mechanic's lien shall be awarded attorney's fees and costs up to the amount of the actual lien awarded. Subsection (b) of the statute prescribes the method used for determining who is the prevailing party, and states, in pertinent part:

If the plaintiff makes no written offer of settlement, the amount prayed for in his complaint is considered to be his final offer of settlement for purposes of this section.

If the defendant makes no written offer of settlement, his offer of settlement is considered to be zero.

S.C.Code Ann. § 29–5–10(b).

In 1997, this Court specifically interpreted the 1991 statute and held the following:

when neither party makes a written offer of settlement, the plaintiff's offer is considered the amount prayed for in its complaint and the defendant's offer is considered to be *zero*. Whether fairly or unfairly, the statute does not make provision for considering counterclaims as negative offers of settlement.

*Brasington Tile Co., Inc. v. Worley,* 327 S.C. 280, 289, 491 S.E.2d 244, 248 (1997) (emphasis in original).

In response to the *Brasington* decision, the legislature amended the statute, effective June 11, 1999—nearly eight months *after* the underlying lawsuit was filed. The amended version provides, in pertinent part, the following:

If the defendant makes no written offer of settlement, the value of his counterclaim is considered to be his negative offer of settlement. If the defendant has not asserted a counterclaim, his offer of settlement is considered to be zero.

S.C.Code Ann. § 29–5–10(b) (Supp.2003). Application of the amended statute to the facts in *Brasington* would change the outcome of that case. In other words, if the amended statute were to apply retroactively, the *Brasington* decision would, in effect, be overruled.

 Because the legislature does not have the authority to overrule a decision by this Court, the amended statute cannot apply retrospectively. *See Steinke v. South Carolina Dep't of Labor, Licensing and Regulation,* 336 S.C. 373, 520 S.E.2d 142 (1999) (holding legislature lacked authority to retroactively overrule Court's interpretation of a statute). Moreover, we have found that "a judicial interpret[ation] of a statute is determinative of its meaning and effect, and any subsequent legislative amendment to the contrary will only be effective from the date of its enactment and cannot be applied retroactively." *Lindsay v. Nat'l Old Line Ins. Co.,* 262 S.C. 621, 629, 207 S.E.2d 75, 78 (1974). Because a prior, on-point judicial decision has been rendered, any subsequent statutory amendments apply prospectively only. To decide otherwise would allow the legislature, in effect, to overrule judicial decisions in violation of the separation of powers doctrine.[2]

 In the present case, the question of who is the prevailing party is controlled by S.C.Code Ann. § 29–5–10 (1991) and this Court's interpretation of that statute in *Brasington.* Homeowner is correct in asserting that under the prior ver-

---

**2.** The dissent states the *Lindsay* analysis should be abandoned because the legislature has plenary power to amend statutes and, as such, this Court should not limit the legislature's authority to decide whether a statutory amendment should be given retroactive effect. However, while the legislature has plenary power to amend statutes, the construction of a statute is a judicial function and responsibility. *See Lindsay v. Nat'l Old Line Ins. Co.,* 262 S.C. 621, 207 S.E.2d 75 (1974); *Boatwright v. McElmurray,* 247 S.C. 199, 146 S.E.2d 716 (1966). Therefore, once this Court has construed a particular statute, the legislature cannot thereafter amend the statute to alter our construction of the statute and have the amendment apply retroactively. To do so is to invade upon judicial power.

sion of the statute, he would be the prevailing party. Neither party made a written offer of settlement. Final judgment was entered for Builder in the amount of $20,617.14. Applying the formula in the applicable statute and this Court's interpretation of that statute in *Brasington,* Builder's settlement offer is the amount prayed for in the complaint, which was $74,500, and Homeowner's settlement offer is zero. Zero is closer to $20,617.14 than $74,500. Accordingly, Homeowner should have been deemed the prevailing party and the party entitled to attorney's fees and costs.

## CONCLUSION

We reverse the master's decision finding Builder entitled to attorney's fees as the prevailing party under amended § 29–5–10. Applying the former version of § 29–5–10, we find Homeowner is entitled to attorney's fees as the prevailing party in the mechanic's lien action. Appellant's second issue is affirmed pursuant to Rule 220(b)(1), SCACR, and the following authority: *South Carolina Nat'l Bank, Greenville v. Hammond,* 260 S.C. 622, 198 S.E.2d 123 (1973) (as general rule, it is essential to establishment of set off that claims or debts be mutual, *i.e.,* they must subsist or be owing, between same parties in same right or capacity, and must be of same kind or quality). Therefore, the master's decision is

**AFFIRMED IN PART, REVERSED IN PART.**

TOAL, C.J., WALLER and BURNETT, JJ., concur.

PLEICONES, J., dissenting in a separate opinion.

Justice PLEICONES dissenting:

In 1974, the Court held that the General Assembly could not, consonant with the separation of powers doctrine, enact a statute in order to overturn the result in a case we had already decided. *Lindsay v. Nat'l Old Line Ins. Co.,* 262 S.C. 621, 207 S.E.2d 75 (1974). In other words, the legislature cannot, by legislative enactment, overrule our interpretation of a statute. *Boatwright v. McElmurray,* 247 S.C. 199, 146 S.E.2d 716 (1966). Over the past several years, *Lindsay* has been construed as a limitation on the General Assembly's authority to amend a statute, and to have that amendment

apply retroactively.[3] While I have joined several of these decisions, I have come to believe that this reading of *Lindsay*, which held only that the General Assembly could not legislatively reverse the Court's decision, is overly broad. *See Rivers v. Roadway Express,* 511 U.S. 298, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994)("Congress, of course, has the power to amend a statute that it believes we have misconstrued. It may even, within broad constitutional bounds, make such a change retroactive and thereby undo what it perceives to be the undesirable past consequences of a misinterpretation of its work product").

Whether a statutory amendment applies retroactively is ordinarily a matter of statutory construction and interpretation, not of constitutional law. The General Assembly has the authority to amend statutes, and to determine whether the amended statute applies to matters occurring before its effective date. The general rule is that "statutory enactments are to be considered prospective rather than retroactive unless there is a specific provision in the enactment or clear legislative intent to the contrary. [citation omitted]. However, statutes which are remedial or procedural in nature are generally held to operate retrospectively." *South Carolina Dep't of Rev. v. Rosemary Coin Machines, Inc.,* 339 S.C. 25, 528 S.E.2d 416 (2000). The only constitutional limit on retroactivity in a civil context [4] derives from due process guarantees, and from S.C. Const. art. I, § 4, prohibiting the passage of a law that "has the effect of impairing the obligation of contract or divesting vested rights of property." *E.g., Schumacher v. Chapin,* 228 S.C. 77, 88 S.E.2d 874 (1955).

Through a series of cases citing *Lindsay*, we have created two different rules regarding statutory retroactivity: If the Court never interpreted the prior statute, then the general

---

**3.** *See Simmons v. Greenville Hosp. Sys.,* 355 S.C. 581, 586 S.E.2d 569 (2003); *Williamson v. South Carolina Ins. Reserve Fund,* 355 S.C. 420, 586 S.E.2d 115 (2003); *Dykema v. Carolina Emerg. Physicians, P.C.,* 348 S.C. 549, 560 S.E.2d 894 (2002); *Pike v. South Carolina Dep't of Trans.,* 343 S.C. 224, 540 S.E.2d 87 (2000); *Steinke v. South Carolina* *Dep't of Labor, Licensing, and Reg.,* 336 S.C. 373, 520 S.E.2d 142 (1999); *see also Tilley v. Pacesetter Corp.,* 355 S.C. 361, 585 S.E.2d 292 (2003).

**4.** There are, of course, *ex post facto* concerns with criminal statutes.

rule recited above applies. If, however, the Court has issued an opinion interpreting a statute, any legislative change to that statute is deemed prospective only, lest the legislature invade the province of the Court. In my opinion, this *"Lindsay* rule," premised on the separation of powers doctrine, has in fact led to its violation.

The separation of powers doctrine prevents one branch of government from usurping the power and authority of another. *Knotts v. South Carolina Dep't of Natural Resources*, 348 S.C. 1, 558 S.E.2d 511 (2002). It is not the legislature's amendment of a statute in response to a judicial interpretation which offends the doctrine, but rather our limitation on the General Assembly's authority to decide whether that statutory change should be given retroactive effect. As we held in *Boatwright*, "the legislature has plenary power to amend statutes."

In my opinion, we should use this opportunity to abandon our *Lindsay* retroactivity jurisprudence and return to the general rules of statutory construction. In this case, however, we need not decide whether the amendment to S.C.Code Ann. § 29–5–10 was procedural or remedial and thus should be given retroactive effect. In 1883, this Court established the rule that entitlement to costs is to be determined by the statute in effect at the time the suit is decided and the costs, if any, are to be awarded. *Irwin v. Brooks*, 19 S.C. 96 (1883). I would hold that, in the absence of legislative intent to the contrary, entitlement to statutory attorneys fees should be determined pursuant to the statute in effect at the time the final judgment is entered. *Id.* I would therefore affirm the master's award of attorney's fees to respondent.

I therefore respectfully dissent.