# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ROGER BELLERIVE and LINDSAY BELLERIVE, husband and wife, | No. 49565-1-II |
| Respondents/Cross Appellants, | |
| v. | |
| EOR INC., a Washington Corporation, d/b/a RUSDAL CONSTRUCTION; and CBIC, Bond No. SC8150, a Washington Corporation, | UNPUBLISHED OPINION |
| Appellants/Cross Respondents. | |

Lee, A.C.J. — EOR, Inc. appeals the trial court's award of reasonable attorney fees to and judgment in favor of Roger and Lindsay Bellerive. The Bellerives cross-appeal the amount of attorney fees awarded to them by the trial court and the trial court's conclusion that they failed to prove breach of contract.

We hold that the trial court erred in determining the Bellerives were entitled to reasonable attorney fees for their unjust enrichment claim. We further hold that the trial court did not err in determining that the Bellerives failed to prove breach of contract. Accordingly, we reverse the trial court's award of reasonable attorney fees to the Bellerives for unjust enrichment, affirm the trial court's conclusion that the Bellerives failed to prove breach of contract, and remand for further proceedings consistent with this opinion.

FACTS

A.    THE AGREEMENT AND DISPUTE

In November 2013, the Bellerives entered into a "Residential Real Estate Purchase and Sale Agreement" (the Purchase Agreement) with EOR for the purchase of property and the construction of a single family house on that property (the Home) by EOR.  Clerk's Papers (CP) at 155.  The Purchase Agreement stated that any changes must be mutually agreed upon and in writing.  And if the Bellerives disapproved of any part of the plans and specifications, or EOR intended to modify the plans and specifications and increase the purchase price, the change had to be mutually agreed upon in writing.  The Purchase Agreement also provided for reasonable attorney fees and expenses to the prevailing party if the Bellerives or EOR "institute[d] suit against the other concerning [the Purchase] Agreement."  CP at 155.

After EOR began construction, the Bellerives purchased appliances and invested time and labor into the Home.  Later, a dispute arose over the purchase price of the Home.  The Bellerives and EOR settled the dispute by written agreement (the Settlement Agreement).  The Settlement Agreement established the purchase price and the closing date for the Home.  The Settlement Agreement stated that

> [i]n addition to any and all other remedies available under this Settlement Agreement or by law, if any arbitration proceeding or litigation is commenced to enforce this Settlement Agreement because of an alleged dispute, breach, default or misrepresentation in connection with any of the provisions of this Settlement Agreement, the prevailing party shall be entitled to recover reasonable attorney's fees and other costs incurred in that action or proceeding (including those incurred on appeal), in addition to any other relief to which it or they may be entitled.

CP at 153.  Shortly thereafter, the Bellerives experienced financing issues, and the purchase and sale of the Home did not close by the agreed upon date.  EOR sold the Home to a different buyer.

B.    THE COMPLAINT AND PRE-TRIAL PROCEDURE

On June 26, 2015, the Bellerives filed a complaint against EOR, alleging breach of the Purchase Agreement. The Bellerives asserted claims for breach of contract/quantum meruit for specific performance, unjust enrichment, promissory estoppel, and violation of the Consumer Protection Act (CPA) for damages. The Bellerives also filed a lis pendens on the Home. EOR responded and asserted a counterclaim for slander of title.

EOR subsequently filed a motion for partial summary judgment to dismiss the Bellerives' claims. The trial court granted EOR's motion in part, dismissing the Bellerives' promissory estoppel and CPA claims with prejudice. The trial court also ordered the release of the lis pendens on the Home.

The Bellerives then filed an amended complaint, which included all of its previous claims[1] in addition to claims for conversion of chattel, conversion of money, constructive trust, and for return of appliances purchased under prejudgment writ/replevin.

C.    TRIAL AND AWARD OF ATTORNEY FEES

The case proceeded to a bench trial. After trial, the court concluded that EOR was unjustly enriched by the appliances the Bellerives purchased and the labor the Bellerives provided. The trial court found that the appliances were worth $10,000 and their labor was worth $3,160. The trial court also concluded that the Bellerives failed to prove their claims for specific performance,

---

[1] In its answer to the Bellerives' amended complaint, EOR challenged the inclusion of the CPA claims dismissed by the trial court, but did not challenge the inclusion of the previously dismissed promissory estoppel claim on that basis.

breach of contract, promissory estoppel, and violation of the CPA. And the trial court concluded that EOR's counterclaim for slander of title failed.

The Bellerives subsequently moved for an award of attorney fees and costs for successfully prosecuting their claims and defending against EOR's counterclaim. EOR responded and argued that there was no basis for an award of attorney fees, the Bellerives were not the substantially prevailing party, the Bellerives could only claim attorney fees related to the successful claim, and the attorney fees claimed were excessive.

The trial court entered findings and conclusions, awarding reasonable attorney fees and costs to the Bellerives. The trial court found:

> 11.    The Purchase Agreement contained provisions governing the procedure for the parties to memorialize by written change order their agreement for an upgrade or other change in construction of the Home resulting in an increase in price.
>
> . . . .
>
> 22.    [EOR] has been unjustly enriched by virtue of its continued possession of the appliances purchased by the Plaintiffs and sale of the same to a third party; and, the value of the labor provided for the benefit of the construction of improvements on the home, which has been sold to a third party.
>
> . . . .
>
> 24.    Fair, just and equitable compensation for the appliances and labor provided by the Plaintiff is $10,000.00, which appliances they had an ownership interest in; and, $3,160.00 for labor provided for the construction of improvements for a total award of $13,160.00.
>
> 25.    The Bellerives incurred and were awarded reasonable attorney's fees of $75,000.00 in this matter. However, after applying a proportional offset in the amount of $25,000.00 attributable to attorney's fees incurred in [sic] by [EOR] in defense of claims of which the Bellerives did not prevail, the Bellerives were awarded a net attorney's fee award in the amount of $50,000.00 as the prevailing party in the matter.

4

CP at 214, 216. The trial court concluded:

2.     The Bellerives failed to sustain their burden of proof on their claim for specific performance under the parties' Purchase Agreement, and the same shall be dismissed with prejudice.

3.     The Bellerives sustained, by a preponderance of the evidence, their burden of proof on their claims for damages unjust enrichment and compensation in equity. However, the Bellerives failed to sustain their burden of proof on their claims for damages under [sic] for breach of contract, promissory estoppel and violation of the Consumer Protection Act; and the same shall be dismissed with prejudice.

4.     The Bellerives have demonstrated damages, in equity, in the total gross sum of $13,160.00, and the Bellerives shall be allowed Judgment in the principal amount of $13,160.00 and interest from June 23, 2016, at the statutory rate.

5.     [EOR] failed to sustain their burden of proof on their counterclaim for slander of title, and the same shall be dismissed with prejudice.

6.     There were three (3) major issues central in this matter: (i) the Bellerives' claim for specific performance, (ii) the Bellerives' claim for damages, and (iii) [EOR's] claim for slander of title (the "Major Issues"). As the party prevailing on two (2) of the three (3) Major Issues and the party successfully defending [EOR's] counterclaim to a finding of non-liabilty and receiving an affirmative money judgment, the Bellerives were the prevailing party in the matter.

. . . .

8.     The Settlement Agreement and Purchase Agreement were central to the Major Issues and the corresponding claims of the Bellerives and [EOR]. Thus, an award of attorney fees and costs for claims other than breach of contract is appropriate in this matter because the contracts are central to the existence of the claims, i.e., the dispute actually arose from the agreements. *Deep Water Brewing, LLC v. Fairway Resources, Ltd.*, 152 Wn. App. 229, 215 P.3d 990 (2009).

9.     For purposes of a contractual attorney's fee and costs provisions, the Major Issues constitute an actions [sic] on a contract because they arose out of the parties' Settlement Agreement and Purchase Agreement, the contracts central to the parties' dispute. *Seattle First Nat. Bank v. Washington Ins. Guar. Ass'n*, 116 Wn.2d 398, 413, 804 P.2d 1263, 1270 (1991); *Hill v. Cox*, 110 Wn. App. 394, 411, 41 P.3d 495, 505 (2002).

10. RCW 4.84.330 makes an award of reasonable attorney's fees and costs mandatory as it provides in relevant part: ". . . [T]he prevailing party . . . *shall be entitled to* reasonable attorney's fees in addition to costs and necessary disbursements." Further, the statutory definition for ". . . 'prevailing party' means the party in whose favor final judgment is rendered." RCW 4.84.330.

. . . .

12. In the court's exercise of discretion, based on the above findings of fact and the pleadings and arguments presented on the motion for an award of attorney's fees, the Court concludes that the Bellerives shall be awarded reasonable attorney's fees in the amount of $75,000.00 in this matter.

13. However, after applying a proportional offset in the amount of $25,000.00 attributable to attorney's fees incurred in [sic] by [EOR] in defense of claims of which the Bellerives did not prevail, the Court concludes that the Bellerives are awarded a net attorney's fee award in the amount of $50,000.00 as the prevailing party in the matter which shall be included on the judgment in favor of the Bellerives entered in this case.

CP at 216-19. Accordingly, the trial court awarded to the Bellerives unjust enrichment damages in the amount of $13,160, attorney fees in the amount of $50,000 after a $25,000 offset, and statutory costs in the amount of $306.

EOR appeals and the Bellerives cross-appeal.

ANALYSIS

A. AWARD OF ATTORNEY FEES TO THE BELLERIVES

EOR argues that the trial court erred when it concluded that the Bellerives were the prevailing party and entitled to reasonable attorney fees. EOR also argues that the trial court erred in the amount of its attorney fees award. We disagree that the trial court erred in concluding that the Bellerives were the substantially prevailing party, but we agree that the Bellerives were not entitled to reasonable attorney fees for their unjust enrichment claim.

1.      Substantially Prevailing Party

EOR argues that the trial court erred when it determined that the Bellerives were the prevailing party.[2]  We disagree.

We review whether a party is a "prevailing party" under an error of law standard.  *Dave Johnson Ins., Inc. v. Wright*, 167 Wn. App. 758, 782, 275 P.3d 339, *review denied*, 175 Wn.2d 1008 (2012).  The prevailing party is the one that receives an affirmative judgment in its favor.  *Id.* at 782-83.  If neither party wholly prevails, determining the substantially prevailing party depends on the extent of the relief accorded.  *Id.* at 783.

Here, the Bellerives were the substantially prevailing party.  The Bellerives filed suit against EOR, including a breach of contract claim based on the Purchase Agreement and Settlement Agreement; several equitable claims for unjust enrichment, promissory estoppel, constructive trust, and replevin; a CPA claim; and several tort claims for conversion of chattel and money.  EOR then filed a counterclaim for slander of title.  The trial court denied all claims except for the Bellerives' unjust enrichment claim.  Because the Bellerives were the only party that prevailed on an issue and received an affirmative judgment, they were the substantially prevailing party.

EOR argues that because the Bellerives only received a fraction of the award they sought at trial and prevailed on "only one of their 14 direct cost claims," they cannot be the substantially

---

[2] EOR argues that the trial court "created a flawed framework" for its attorney fees analysis by grouping the Bellerives' claims into "three major issues." Br. of Appellant at 9. But EOR fails to provide any legal authority or support for its argument regarding the trial court's "flawed framework" for its analysis of the substantially prevailing party. Therefore, we decline to address this claim. RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

prevailing party. Br. of Appellant at 16. However, EOR fails to provide any persuasive legal authority or support for this argument.

EOR cites to *Marassi v. Lau*, 71 Wn. App. 912, 859 P.2d 605 (1993), *abrogated by*, 165 Wn.2d 481 (2009), to argue that a proportionality approach should be applied when multiple and distinct claims are at issue. However, *Marassi's* proportionality approach is only applicable when claims are multiple and distinct contract claims. 71 Wn. App. at 917.

EOR also cites to *Rowe v. Floyd*, 29 Wn. App. 532, 629 P.2d 925 (1981), to argue that when both parties are afforded some relief, neither party is entitled to attorney fees. But in *Rowe*, both parties equally prevailed: the plaintiff succeeded on one claim and the defendant succeeded on defending another. 29 Wn. App. at 535-36. Here, the Bellerives successfully pursued their claim for damages and defended against a counterclaim. Thus, both parties did not equally prevail. Therefore, we hold that the trial court did not err when it determined the Bellerives were the substantially prevailing party.

2.      Entitlement to Reasonable Attorney Fees

EOR also argues that the trial court erred when it determined that an award of reasonable attorney fees to the Bellerives was appropriate because the claims arose out of the agreements and the agreements were central to the claims. We agree.

Whether a party is entitled to an award of attorney fees is a question of law and is reviewed de novo. *Durland v. San Juan County*, 182 Wn.2d 55, 76, 340 P.3d 191 (2014). "The general rule in Washington is that attorney fees will not be awarded for costs of litigation unless authorized by contract, statute, or recognized ground of equity." *Id*.

a.     Basis in contract

"A prevailing party may recover attorney fees pursuant to a contractual fee-shifting provision if the action involves claims on the contract." *Boyd v. Sunflower Properties, LLC*, 197 Wn. App. 137, 150, 389 P.3d 626 (2016) (internal quotation marks omitted). "[A]n action is on a contract for purposes of a contractual attorney fees provision if the action arose out of the contract *and* if the contract is central to the dispute." *Edmonds v. John L. Scott Real Estate*, Inc., 87 Wn. App. 834, 855, 942 P.2d 1072 (1997), *review denied*, 134 Wn.2d 1027 (1998) (emphasis added) (quoting *Tradewell Group, Inc. v. Mavis*, 71 Wn. App. 120, 130, 857 P.2d 1053 (1993)). When an action in tort is based on a contract containing an attorney fee provision, the prevailing party is also entitled to attorney fees. *Douglas v. Visser*, 173 Wn. App. 823, 835, 295 P.3d 800 (2013).

Here, the Purchase Agreement stated that if the Bellerives or EOR "institute[d] suit against the other concerning this Agreement the prevailing party is entitled to reasonable attorneys' fees and expenses." CP at 155. The Settlement Agreement also stated that if "litigation is commenced to enforce this Settlement Agreement because of an alleged dispute, breach, default or misrepresentation in connection with any of the provisions of this Settlement Agreement, the prevailing party" would be entitled to reasonable attorney fees and costs. CP at 153. However, the Bellerives prevailed on a claim of unjust enrichment, which existed outside of and did not involve the agreements. The Bellerives' equity claim was based on the fact that the Bellerives had purchased appliances and invested labor into the Home. This claim did not arise out of the agreements nor were the agreements central to this claim; no consideration of the agreements were necessary. Thus, the unjust enrichment claim was not based on a contract.

The Bellerives argue that their entire relationship with EOR arose from the agreements, and thus, the agreements gave rise to their action for unjust enrichment, and that the basis for their damages is in the agreements. But these claims are unpersuasive. Although the Bellerives' relationship with EOR stems from the agreements, it does not mean the claim on which they succeeded actually arose from the agreements and gave rise to the claim for unjust enrichment. Courts have rejected such "but for" arguments. *See Burns v. McClinton*, 135 Wn. App. 285, 310-11, 143 P.3d 630 (2006), *review denied*, 161 Wn.2d 1005 (2007).[3] Here, the Bellerives' unjust enrichment claim arose outside of the agreements in equity, and the agreements were not central to this equitable dispute.

The Bellerives also argue that they prevailed on a cause of action that arose from the contract, and thus, they were entitled to reasonable attorney fees. In doing so, they cite *Hill v. Cox*, 110 Wn. App. 394, 411, 41 P.3d 495, *review denied*, 147 Wn.2d 1024 (2002), for the proposition that "if a tort action is based on a contract central to the dispute including an attorney fee provision, the prevailing party may receive attorney fees." But the Bellerives' unjust enrichment claim was not a tort action based on a contract. The unjust enrichment claim was based in equity and was independent of the contract.

---

[3] In *Burns*, Division One of this court held:

> The D & D partnership agreement was the background out of which the disputes arose, but it was not central to them. Because the claims in question were not brought to enforce the partnership agreement and the agreement was not central to the dispute, the trial court correctly concluded that the agreement does not provide a basis for awarding prevailing party attorney fees to Burns.

135 Wn. App. at 311.

Furthermore, EOR's tort claim for slander of title also was not on the contract. That claim arose from the Bellerives filing a lis pendens encumbering the Home. Thus, the slander of title claim did not arise from the agreements nor were the agreements central to that claim.

The claim that the Bellerives prevailed on was unjust enrichment, which was based on the amounts they expended in purchasing appliances and the value of the labor they invested into the Home. Therefore, we hold that the trial court erred when it concluded that the agreements were central to the existence of the claims, arose out of the agreements, and awarded reasonable attorney fees to the Bellerives.

b.      Basis in equity

Recognized equitable grounds for which attorney fees may be awarded include "bad faith conduct of the losing party, preservation of a common fund, protection of constitutional principles, and private attorney general actions." *Dave Johnson*, 167 Wn. App. at 784. None of these grounds are present in this case.

Here, the trial court concluded that the Bellerives sustained their burden of proof on "their claims for damages unjust enrichment and compensation in equity" and awarded the Bellerives $13,160 in equity damages. CP at 217. Unjust enrichment is not a recognized equitable ground upon which attorney fees would be awarded. *David Johnson*, 167 Wn. App. at 784. As a result, while the Bellerives may have been the substantially prevailing party, they were not entitled to reasonable attorney fees for their unjust enrichment claim.

The Bellerives argue that when an action in tort is based on a contract containing an attorney fees provision, the prevailing party is also entitled to reasonable attorney fees. However, the Bellerives did not prevail on a tort claim, which would have been their claims for conversion.

Instead, the Bellerives prevailed on a claim for unjust enrichment, which lies in equity. *Bill v. Gattavara*, 34 Wn.2d 645, 650, 209 P.2d 457 (1949). Thus, the Bellerives were not entitled to reasonable attorney fees.

Because the Bellerives prevailed on an equitable ground that is not recognized in equity, and no basis in contract or statute exists, they were not entitled to reasonable attorney fees. Therefore, we hold that the trial court erred when it awarded reasonable attorney fees to the Bellerives. Thus, we reverse the trial court's award of reasonable attorney fees to the Bellerives and remand for the trial court to award them statutory attorney fees and costs.[4]

B.      BREACH OF CONTRACT – CROSS APPEAL

The Bellerives argue that the trial court erred when it concluded that they failed to sustain their burden of proof on their claim for damages under breach of contract because EOR did not issue written change orders for the appliances purchased and the labor provided by the Bellerives. We disagree.

1. Legal Principles

To prevail on a breach of contract claim, the plaintiff must show the elements of duty, breach, causation, and damages. *Baldwin v. Silver*, 165 Wn. App. 463, 473, 269 P.3d 284 (2011). If the duty allegedly breached is not in the contract, the claim of breach of contract cannot be sustained. *Fid. & Deposit Co. of Md. v. Dally*, 148 Wn. App. 739, 745-46, 201 P.3d 1040 (2009).

---

[4] Because we hold that the trial court erred in awarding reasonable attorney fees to the Bellerives without a basis in contract, statute, or recognized ground in equity, we do not reach the issue of whether the trial court erred in the amount of attorney fees awarded or in applying a proportional offset in calculating attorney fees.

When the trial court enters findings of fact and conclusions of law after a bench trial, we review whether the court's findings are supported by substantial evidence and, if so, whether the findings support the conclusions. *State Farm Fire & Cas. Co. v. Justus*, 199 Wn. App. 435, 448, 398 P.3d 1258, *review denied*, 189 Wn.2d 1026 (2017). Unchallenged findings of fact are verities on appeal. *Id*. We also review the trial court's conclusions of law de novo to determine whether they are legally correct. *Id*.

### 2. No Breach of Contract

The Bellerives argue that the trial court found the Purchase Agreement required EOR to execute written change orders for changes to the Home during construction and that EOR failed to execute written change orders for the Bellerives' expenditures for appliances and the value of their time and labor invested into the Home.[5] However, the Bellerives misstate the record. The trial court only found that the "Purchase Agreement contained provisions governing the procedure for the parties to memorialize by written change order their agreement for an upgrade or other change in construction of the Home resulting in an increase in price." CP at 214. The court did not make any finding about EOR failing to issue change orders. While the Purchase Agreement required

---

[5] The Bellerives only challenge the trial court's finding that

> The Bellerives incurred and were awarded reasonable attorney's fees of $75,000.00 in this matter. However, after applying a proportional offset in the amount of $25,000.00 attributable to attorney's fees incurred in [sic] by [EOR] in defense of claims of which the Bellerives did not prevail, the Bellerives were awarded a net attorney's fee award in the amount of $50,000.00 as the prevailing party in the matter.

CP at 216. But as discussed above, the Bellerives are not entitled to reasonable attorney fees. *See* Section A. The trial court's remaining findings of fact are unchallenged, and thus, they are verities on appeal. *State Farm*, 199 Wn. App. at 448.

written agreement on changes, the agreement did not specifically impose a duty on EOR to create change orders.

As to the trial court's unchallenged findings relating to the breach of contract claim, the trial court found that the Bellerives and EOR executed two written change orders and that the parties "intended the change order work to be agreed upon and executed outside of the Purchase Agreement." CP at 214. The court further found that EOR did not prevent the Bellerives from procuring the financing they needed nor did EOR refuse to extend the closing date for the sale and purchase of the Home in bad faith.

The Bellerives further argue that the trial court ascribed value to EOR's breach in the amount of $13,160. But the trial court did not find that the $13,160 was an amount of damages resulting from a breach of contract by EOR. Instead, the trial court awarded $13,160 in equity for the appliances the Bellerives purchased and for the labor they expended on the Home. The trial court did not award damages for breach of contract.

The Bellerives also argue that the trial court "effectively granted the contractual remedy of restitution" and derived the damages considering the Purchase Agreement. Br. of Resp't at 20. The Bellerives claim that "[r]estitution is an alternative remedy to damages for breach of contract."[6] Br. of Resp't at 19. This argument is unpersuasive because restitution is not only a contractual remedy. A court may prescribe a certain remedy, including restitution, in many types of actions. *See, e.g., Young v. Young*, 164 Wn.2d 477, 486, 490, 191 P.3d 1258 (2008) (noting that "'unjust enrichment' is founded on notions of justice and equity whereas 'quantum meruit' is

---

[6] Citing *Bailie Commc'ns, Ltd. v. Trend Bus. Sys.*, 53 Wn. App. 77, 81, 765 P.2d 339 (1988), *review denied*, 113 Wn.2d 1025 (1989).

founded in the law of contracts," and holding that defendants were entitled to restitution based on their counterclaim for unjust enrichment).

Here, the trial court awarded damages in equity for unjust enrichment. The trial court did not award the damages based on a breach of the Purchase Agreement and calculated the amount of damages based on the actual value of the appliances and labor. The trial courts unchallenged findings of fact support its conclusion that the Bellerives failed to sustain their burden of proving breach of contract. Thus, we hold that the trial court did not err.[7]

ATTORNEY FEES ON APPEAL

EOR and the Bellerives both request attorney fees on appeal. RAP 18.1 permits a party to recover attorney fees on appeal where authorized by applicable law. Contractual authority providing for an award of attorney fees at trial also supports such an award on appeal under RAP 18.1. *W. Coast Stationary Engineers Welfare Fund v. City of Kennewick*, 39 Wn. App. 466, 477, 694 P.2d 1101 (1985).

Here, the agreements between EOR and the Bellerives provide for reasonable attorney fees to the prevailing party, including on appeal. And because EOR has successfully defended against

---

[7] The Bellerives also argue that EOR breached the implied duty of good faith and fair dealing. The Bellerives assert that EOR was required to issue written change orders in order to retain without repayment, any investments by the Bellerives in the Home. However, as the Bellerives note, the "duty of good faith and fair dealing arises when the contract gives one party discretionary authority to determine a contract term." *Rekhter v. Dep't of Soc. & Health Servs.*, 180 Wn.2d 102, 113, 323 P.3d 1036 (2014) (internal quotation marks omitted). And here, the provisions regarding memorializing mutually agreed upon changes did not give EOR discretion to determine whether payment for changes was non-refundable. In fact, the Bellerives fail to provide any citation to the record that evidences such a requirement.

the Bellerives' breach of contract cross-appeal, EOR is entitled to reasonable attorney fees. Therefore, we award attorney fees to EOR on appeal.

CONCLUSION

We reverse the trial court's award of reasonable attorney fees to the Bellerives for unjust enrichment, affirm the trial court's conclusion that the Bellerives failed to prove breach of contract, and remand for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, A.C.J.

We concur:

Worswick, J.

Sutton, J.